**ORIGINAL**

CLERK'S OFFICE
D.C. Atlanta

**IN THE UNITED STATES DISTRICT COURT** AUG – 1 2003
**FOR THE NORTHERN DISTRICT OF GEORGIA** ......AS, Clerk
**ATLANTA DIVISION** By: _____
Deputy Clerk

| | |
|---|---|
| RICHARD BROWN; et. al<br>  Plaintiffs, | )<br>)<br>) |
| | ) **CIVIL ACTION FILE** |
| | ) **NO. 1:03-cv-2070-JTC** |
| WYETH, INC., f/k/a AMERICAN<br>HOME PRODUCTS CORPORATION; et al. | )<br>) |
| | ) |
| | ) *PLAINTIFFS' MOTION* |
|   Defendants. | ) *FOR REMAND* |

COME NOW Plaintiffs, by and through counsel of record, and hereby file this, their Motion for Remand, and request that the Court remand this proceeding back to the State Court of Fulton County, State of Georgia for the following reasons:

1) There is a lack of federal subject matter jurisdiction over the present action;

2) The present action is not removable under the provisions of 28 U.S.C. Section 1332 because there is an absence of complete diversity;

3) The present action is not removable under the provisions of 28 U.S.C. Section 1441(b) because there are properly joined resident defendants;

4) There has been no fraudulent joinder of any named Defendant;

5) Removal of this action is procedurally defective;

/P

6)  There has been no improper joinder of any named Plaintiff; and

7)  This action is properly subject to remand under applicable federal law.

In support of the present Motion for Remand, Plaintiffs' incorporate the following items:

a)      The entire record from the Court below; and

b)      Their Memorandum of Law filed in support of this Motion for

        Remand including Exhibits 1-14 submitted therewith.

Plaintiffs request that this motion be heard and decided as soon as practical due to the fact that each Plaintiff has been diagnosed with serious heart valve damage, which has or may require surgery on one or more of Plaintiffs' heart valves.  Any delay in the adjudication of these claims may result in the death or sudden deterioration of health of one or more Plaintiffs.  Additionally, the Honorable Harvey Bartle, III, overseeing MDL 1203 (In re Diet Drugs, E.D. Pa), has previously indicated a preference that all remand motions relating to the interpretation of state law be addressed by the District Court in the district where the action was removed prior to transfer to the MDL.

WHEREFORE, Plaintiffs respectfully request that their Motion for Remand be heard as soon as practicably possible and that the above-captioned action be remanded to the State Court of Fulton County for further adjudication.

Respectfully submitted this 1st day of August, 2003.

ROBERT C. BUCK
State Bar of Georgia No. 092495
C. ANDREW CHILDERS
State Bar of Georgia No. 124398


CHILDERS, BUCK & SCHLUETER, LLP
260 Peachtree Street
Suite 1601
Atlanta, Georgia 30303
(404) 419-9500 telephone
(404) 419-9501 facsimile


CHARLES A. MATHIS, JR.
(By Robert C. Buck with express permission)
State Bar of Georgia No. 477025


THE MATHIS LAW FIRM
The Equitable Building
Suite 1400
100 Peachtree Street, N.W.
Atlanta, GA 30303
(404) 523-5000 telephone
(404) 827-9894 facsimile

**Attorneys for Plaintiffs**

ORIGINAL

FILED IN CLERK'S OFFICE
U.S.D.C. Atlanta

AUG 0 1 2003

LUTHER D. ___, Clerk
_____
Deputy Clerk

## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF GEORGIA
## ATLANTA DIVISION

| | |
|---|---|
| RICHARD BROWN; et. al<br>    Plaintiffs, | )<br>)<br>)  CIVIL ACTION FILE<br>)  NO. 1:03-cv-2070-JTC |
| WYETH, INC., f/k/a AMERICAN<br>HOME PRODUCTS CORPORATION; et al.<br><br>    Defendants. | )<br>)  MEMORANDUM OF LAW<br>)  IN SUPPORT OF<br>)  PLANTIFFS' MOTION<br>)  FOR REMAND<br>) |

COME NOW Plaintiffs, by and through counsel of record, and hereby file this, their Memorandum of Law in Support of Plaintiffs' Motion for Remand.

### Introduction.

The present action is not removeable and must be remanded because:

1)    All Plaintiffs have been properly joined under Rule 20;

2)    There is a lack of complete diversity between all Plaintiffs and all Defendants;

3)    One or more resident Defendants have been properly named as parties to this action.

The issues presented in this motion for remand are not new, nor are they presented in the absence of direct precedent originating from within this District

and Circuit.[1]  Nine different Remand Orders have been entered by Judges in the Northern District of Georgia over the past 18 months finding that Wyeth lacked any basis whatsoever to assert federal jurisdiction in diet drug cases filed by Movants' counsel[2].  One of those Orders was entered by Judge Hunt less than fifteen (15) days prior to the removal of this action.  (See Exhibit "1").  A similar Order was entered by Your Honor less than forty-five (45) days prior to the removal of this action.  (See Exhibits "2" & "3").  Each Order unequivocally establishes that there is no proper or good faith basis for Wyeth to even attempt to

---

[1] Because Your Honor and Judge Hunt have entered recent Orders addressing the very issue presented in this action (See Exhibits "1" & "3"), Plaintiffs do not wish to burden the Court with all of the papers they have previously filed in support of prior motions for remand for two reasons: 1) Your Honor and Judge Hunt had the benefit of the entire record before them; and 2) Your Honor conducted a three hour hearing on the issues presented in this matter.  Further, and more importantly, this motion can be decided by simply applying the established legal principles of joinder without any further evidentiary support.  To the extent that this court would request the evidentiary support filed by Plaintiffs in support of prior remand motions referenced in the attached orders, Plaintiffs will gladly supply such papers upon request.  Plaintiffs expressly incorporate and adopt such papers as support for this motion by reference.

[2] See Exhibits 1-10: *Laurin et al., v. Wyeth et al.*, Civil Action File No. 1:03-CV-1108-WBH, slip op. (N.D. Ga. July 15, 2003); *Hodges et al. v. Wyeth et al.*, Civil Action File No. 1:03-CV-276-JTC, slip op. (N.D. Ga. July 3, 2003); *Hodges et al. v. Wyeth et al.*, Civil Action File No. 1:03-CV-276-JTC, slip op. (N.D. Ga. June 16, 2003); *Roane et al. v. American Home Products et al.*, Civil Action File No. 1:02-CV-2681-BBM, slip op. (N.D. Ga. Jan. 21, 2003); *Washington et al. v. American Home Products et al.*, Civil Action File No. 1:02-CV-2567-WBH, slip op. (N.D. Ga. Dec. 20, 2002); *Chapman et al. v. American Home Products et al.*, Civil Action File No. 1:02-CV-1163-RWS, slip op. (N.D. Ga. Jun. 11, 2002); *Hodges. v. American Home Products et al.*, Civil Action File No. 1:02-CV-1162-WBH, slip op. (N.D. Ga. Jun. 7, 2002); *Choc et al. v. American Home Products et al.*, Civil Action File No. 1:02-CV-1164-CAP, slip op. (N.D. Ga. Jun. 4, 2002); *Evans et al. v. American Home Products et al.*, Civil Action File No. 1:02-CV-1161-CAP, slip op. (N.D. Ga. Jun. 4, 2002); and *Burt et al. v. American Home Products et al.*, Civil Action File No. 1:01-CV-3387-CAP, slip op. (N.D. Ga. Jan. 18, 2002).

1

remove the present action.   (See Exhibits "1", "2" & "3").   Wyeth's absolute

defiance of these rulings, as well as seven other Orders entered in the past eighteen

months should not be condoned, nor should Wyeth be permitted to continue its

abuse of the well established limits placed upon the exercise of federal jurisdiction

in its relentless scorched earth strategy of attempting to prevent injured individuals

from pursuing diet drug claims in the state court system.

The mountains of paper filed by Wyeth in this, and the more than 130 other

removals filed with the Northern District of Georgia over the past week, present

the same tired arguments that Your Honor and Judge Hunt found unpersuasive.

(See Exhibits "1", "2" & "3").   The weight (and waste) evidenced by the hundreds

of bankers boxes containing Wyeth's removal papers do not serve to offset or alter

the fact that Wyeth's arguments lack any legal weight or foundation whatsoever.[3]


## I. Statement of Facts

1.    The present action was filed on June 30, 2003, in the State Court of Fulton

County, State of Georgia.   The complaint filed by Plaintiffs is based upon claims

arising from their ingestion and use of the diet drugs fenfluramine (Pondimin®),

---

[3] The shear waste of resources caused by Wyeth, not only to Plaintiffs' counsel, but also in regard to the resources of the U.S.D.C. Clerk's office in housing an estimated 390,000 pages of

dexfenfluramine (Redux™), and phentermine (commonly referred to as "Fen-Phen").

2.     Each named Plaintiff, by virtue of certain defined damage to his/her heart incurred as a result of their ingestion, consumption and use of fenfluramine (Pondimin®), dexfenfluramine (Redux™), and/or phentermine, is properly classified as a <u>Brown</u> class member (<u>Brown v. American Home Products, et al.,</u> U.S.D.C. E.D.Pa. Civil Action File No. 99-20593) holding claims which may be properly opted out of the Nationwide Class Action Settlement Agreement With American Home Products Corporation (hereinafter "National Settlement") under the terms and conditions of PTO 1415 entered in MDL Proceeding 1203, pending in the United States District Court for the Eastern District of Pennsylvania.

3.     The injuries that are the subject of Plaintiffs' Complaint were first diagnosed by echocardiograms performed subsequent to September 30, 1999.  Each Plaintiff suffers from injury to his/her mitral and/or aortic valve that has been established as being FDA Positive or greater by a board certified cardiologist.  Each Plaintiff has only learned of their injury within the preceding two years.

4.     Each named Plaintiff timely and properly filed an Intermediate and/or Back-End opt-out form with the Claims Administrator in compliance with the terms and

---

documents, as well uploading to PACER in electronic format an estimated 195,000 pages of

conditions of the National Settlement. By virtue of the filing of an Intermediate and/or Back-End opt-out, each Plaintiff is entitled to pursue the present action.

5.    MDL proceeding 1203, as well as the National Settlement giving rise to this action, are each predicated upon a pre-existing legal finding that Wyeth's liability arises from a single occurrence, event and/or transaction or in any event the same series of transactions or occurences. This finding was expressly acknowledged in PTO 1415 which served to approve the National Settlement giving Plaintiffs the right to pursue this action. In pertinent part, PTO 1415 provides:

> **The instant class has a great deal of cohesion in that the class was basically exposed to one substance, manufactured by one defendant over a relatively short period of time and suffers or is at risk of suffering one particular type of injury.**
> **. . .**
>
> **Each class member's claims allege a common defect in the diet drugs and a common course of conduct by AHP with regard to developing and marketing those diet drugs.**
>
> **. . .**
>
> **[T]he court finds that common issues that pre-existed this settlement - - involving a common product, defendant, and course of conduct - - when considered in light of the proposed**

documents cannot be ignored.

settlement, predominate over any individual issues between class members.

. . .

Although there are some individual differences among class members, the common class-wide focus of AHP's knowledge and conduct predominate such that judicial efficiency will be improved through the class mechanism as opposed to relitigating the same issues in a series of individual cases....the class here involves a single defendant with essentially a single diet drug product.

**(PTO 1415, MDL Proceeding 1203).**

5.    Judge Bartle, in Memorandum And Pretrial Order No. 2627, filed October 17, 2002, addressed the propriety of joinder of intermediate and back-end opt out claims of the very type asserted by the Plaintiffs in this action.   Judge Bartle held:

We do not think that the joinder of multiple intermediate and back-end opt-out plaintiffs adversely affects the intentions or goals of the parties to the Settlement Agreement.   Each such plaintiff in a joint trial is limited to compensatory damages, and each must prove his or her own individual claim.   We are confident that in these circumstances, the appropriate limiting instructions to the jury will protect Wyeth from the dangers related to res judicata, collateral estoppel, issue preclusion and claim preclusion.   Since evidence concerning malicious or wanton conduct on the part of Wyeth will not be before the jury, the danger of improperly inflated or otherwise improper verdicts is minimized, if not eliminated.

5

> **In addition, we cannot ignore the interests of judicial economy
> which are at the heart of procedural rules allowing multiple
> joinder. They generally have the effect of saving the court's
> time and reducing the parties' costs. They also allow cases,
> particularly in overburdened jurisdictions, to move to trial more
> quickly than if a blanket rule existed requiring each person's
> case to be instituted and tried separately.**

(Pretrial Order No. 2627, MDL Proceeding 1203, E.D. Penn)

6.     This action is between one or more Plaintiffs and Defendants having the same states of citizenship and residence.

7.     Plaintiff CHERYL BESEDICK, REBECCA BOYETTE  is a citizen and resident of the State of Pennsylvania.

8.     Defendant WYETH PHARMACEUTICALS, INC. (formerly known as WYETH-AYERST PHARMACEUTICALS, INC.) has its principal place of business in the State of Pennsylvania.

9.     Defendant WYETH, INC. (formerly known as American Home Products Corporation) has its principal place of business in the State of New Jersey.

10.    Plaintiffs   RICHARD   BROWN,   MARY   C.   BROWN,   CHERYL CRADDOCK,   CHRISTOPHER CRADDOCK, GEORGE LEWIS, TRACY FOINTINO, MICHAEL MEAD,  IRIS MEAD, SYLVIA FITE, WILLIAM L. FITE, WILMA PARHAM, AMOROS ALEXANDER PARHAM,   CARITA MYRICK, LILLIAN IDLETT, EUGENE IDLETT,  ANGELA WHITFIELD,

6

MAX WHITFIELD, SYLVIA BROWN, BRENDA WORLEY, JAMES WORLEY, ELAINE DAVIDSON, EDWARD DAVIDSON, PATRICIA GRANIERO, DONALD GRANIERO, JOHN LANDWEHR, DONNA LANDWEHR, BEVERLY DAVIS, PAMELA TAYLOR, KATHY BARKER, KEITH BARKER, GLADYS HACKNEY, LINDA WHITE, WANDA CARTER, MARCEL CARTER, and PATRICIA FULLER are citizens and residents of the State of Georgia.

11. Defendants Scott, Molnar and Kaiser are residents of the State of Georgia.

12. Under their Complaint, Plaintiffs allege that Defendants Scott[4] and Molnar are liable for their individual acts and omissions which relate to, *inter alia*, their intentional and/or negligent conduct as State Governmental Affairs Managers for American Home Products Corporation and Wyeth-Ayerst Laboratories, Inc.

13. Under their Complaint, Plaintiffs allege that Defendant Kaiser is liable for his individual acts and omissions which relate to, *inter alia*, his intentional and/or negligent conduct as Regional Sales Manager for American Home Products Corporation and/or Wyeth-Ayerst Laboratories, Inc.

---

[4] On January 21, 2003, Judge Beverly Martin entered a Remand Order in *Roane, et al. v. Wyeth, et al.*, Civil Action File No. 1:02-CV-02-CV-2681-BBM, slip op. * 7-12 (N.D. Ga. Jan. 21, 2003), serving to establish that a arguable cause of action had been properly alleged against Defendant Scott in an identical diet drug action removed by Wyeth. (See Exhibit "4"). The allegations relating to Defendant Scott in the present action are identical to the allegations

7

14.     Plaintiffs have alleged causes of action in negligence, strict liability, breach of warranty, negligent and reckless misrepresentation, fraudulent misrepresentation, fraudulent concealment, and conspiracy against the Defendants.

15.     There is no statute of limitation defense available to the Wyeth Defendants in this action, as Wyeth, Wyeth-Ayerst Pharmaceuticals, Robert L. Scott, John A. Molnar and Steven Kaiser each have waived such defense under the terms and conditions of the National Settlement referenced above.

16.     To the extent Wyeth argues that the statute of limitations has run against any other defendant in this action (i.e. the phentermine manufacturer Defendant), Georgia law requires application of the "discovery rule". Under their Complaint, each Plaintiff has alleged that they only recently learned of their injury as the result of an echocardiogram performed within the previous two years. Under Georgia's "discovery rule", "[a] cause of action will not accrue under the discovery rule until the plaintiff discovers or in reasonable diligence should have discovered not only that he *has been injured* but also that his injury may have been caused by the defendant's conduct." King v. Seitzingers, Inc., 287 S.E.2d 252, 160 Ga. App. 318 (1981) (italics added). Contrary to Wyeth's assertions, no statute of limitations

---

relating to Scott in the *Roane* action. Molnar had similar, if not the same, duties as Defendant Scott.

began to run against any Plaintiff in this action until they actually learned of their injuries through echocardiographic or other diagnostic testing.

## II. ARGUMENT AND CITATION OF AUTHORITY

### A.   *This Action Has Been Improperly Removed.*

Removal is purely a statutory right.  As such, a federal court is required to strictly construe removal statutes in favor of state court jurisdiction. Shamrock Oil & Gas Corp. v. Sheets, 313 U.S. 100, 108-109, (1941); Premier Holidays International, Inc. v. Actrade Capital, Inc., 105 F.Supp.2d 1336 (N.D.Ga 2000). Cases originally filed in a state court may only be removed to federal court under limited circumstances, and only upon a showing by the removing defendants that federal jurisdiction properly exists.  Bolling v. Union National Life Ins. Co., 900 F.Supp. 400, 403 (M.D. Ala. 1995).  "The burden of the removing party is a 'heavy one.'" Crowe v. Coleman, 113 F.3rd 1536, 1538 (11th Cir. 1997).  Federal courts are courts of limited jurisdiction.  The limits placed upon federal courts in the exercise of their jurisdiction are statutorily mandated. 28 U.S.C. §§ 1331 & 1332; Bolling, 900 F.Supp. 400, 403 (M.D. Ala. 1995).

"A defendant's right to remove and a plaintiff's right to choose his forum are not on equal footing" as the law favors a plaintiff's right to choose his or her forum. Burns v. Windsor Insurance Company, 31 F.3rd 1092, 1095 (11th Cir.

1994).    "As masters of their complaint, the plaintiffs may choose their forum within the confines of the law." <u>Ariail Drug Co., Inc. v. Recomm Etern Display, Inc.</u>, 122 F. 3rd 930, 934 (11th Cir. Ala. 1997).

Georgia, unlike many other states, welcomes residents of other states into its court system.  Georgia courts are statutorily open to the citizens of all states.  O.C.G.A. §1-2-10.  It is a fundamental proposition of Georgia law that the state courts of Georgia have jurisdiction to entertain causes of action that may arise elsewhere.  <u>Record Truckline, Inc. v. Harrison</u>, 137 S.E.2d 65, 68 (Ga. App. 1964).[5]  A non-resident plaintiff's election to come to Georgia for the purpose of holding various defendants, including resident and non-resident defendants responsible for their misconduct, is not only within the confines of the law, but is also embraced by this State's courts and judicial system.[6]

Notwithstanding the open nature of Georgia courts, Wyeth attempts to persuade this court that some apparent unfairness exists in allowing citizen's of

---

[5] The change on Georgia law effective July 1, 2003 serving to establish a discretionary forum non convenience doctrine has no impact on the legal analysis applicable to this proceeding as such change in law only relates to actions commenced on or after July 1, 2003.

[6] In April of 2000, the State Court of Fulton County created a master docket and implemented various procedures to effectively and efficiently address all diet drug litigation filed before it. Such procedures include, but are not limited to:  the assignment of a single judge to preside over all diet drug cases; implementation of an internet based, electronic filing system (CourtLink) which has dispensed with the filing and service of paper pleadings; and entry of case specific management orders allowing for the orderly and efficient processing of all pre-trial proceedings, including discovery.

other states to sue Wyeth and its related entities in Georgia.  This suggestion rings hollow in light of the fact that Wyeth, Inc. has registered with the Georgia Secretary of State as a foreign corporation duly authorized to transact business in our state under the provisions of our corporate statutory code.  By undertaking such registration, and affirmatively availing itself of the rights and privileges enjoyed by domestic corporations within our state, Wyeth has statutorily consented to being sued in this state in the same manner as any domestic corporation.  O.C.G.A. § 14-2-1507 (See the drafters' comments, which provide: "A foreign corporation that obtains a certificate of authority in a state thereby agrees that it is amenable to suit in the state.").  Because Wyeth has voluntarily submitted itself to the jurisdiction of the state courts of Georgia, it cannot now complain of any dissatisfaction associated with being hailed into court by any plaintiff, whether such plaintiff is a resident of Georgia or otherwise.

Georgia also recognizes a plaintiff's right to join their action with the claims of other plaintiffs in a single action under the provisions of O.C.G.A. §9-11-20. Rule 20(a) provides:

> **Permissive joinder. All persons may join in one action as plaintiffs if they assert any right to relief jointly, severally, or in the alternative in respect of or arising out of the same transaction, occurrence, or series of transactions or occurrences and if any**

> question of law or fact common to all of them will arise in the action. . . A plaintiff or defendant need not be interested in obtaining or defending against all the relief demanded. Judgment may be given for one or more of the plaintiffs according to their respective rights to relief and against one or more of the defendants according to their respective liabilities.

O.C.G.A. § 9-11-20(a).

Like the Georgia Rules of Civil Procedure, the Federal Rules allow parties to join together as plaintiffs when (1) their claims arise out of the same series of transactions or occurrences, and (2) there is a question of law or fact common to all plaintiffs. See Fed. R. Civ. P. 20(a). District Courts have broad discretion to determine the appropriateness of joinder. See Swan v. Ray, 293 F.3d 1252, 1253 (11th Cir. 2002). Both Judge Hunt and Your Honor have recently held that the joinder of diet drug plaintiffs in a single action such as the present action is proper and meets the burden established under Rule 20. (See Exhibits "1" & "3").

> Rule 20 joinder is appropriate in this case because the claims arise out of the same series of transactions and occurrences and several questions of law and fact are in common. First, all Plaintiffs join in the same claims against all defendants, including Wyeth Pharmaceuticals. This is in stark contrast to Tapscott, where certain plaintiffs were paired with certain defendants. 77 F.3d at 1360. See also In re Diet Drugs, 220 F.Supp.2d at 422 (finding fraudulent joinder where "48 of the 50 plaintiffs had no treatment by and no contact whatever with any of [the non-diverse defendants].").

12

Second, Plaintiffs allege that same three drugs, or a combination thereof, manufactured by Defendants, have caused nearly identical injuries, and they are all members of the same class in the National Settlement. Moore v. Smithkline Beecham Corp., No. 1:02-CV-151-D-D, slip op. at 5 (N.D. Miss. Jul. 26, 2002)("Here all plaintiffs have sued a common defendant...and all assert common claims against that defendant...."); In re Norplant Contraceptive Products Liability Litigation, 168 F.R.D. 579, 580 (E.D.Tex. 1996).

Defendants argue that Plaintiffs have little in common because they were prescribed different drugs at different times by different doctors. See In re Orthopedic Bone Screw Products Liability Litigation, 1995 WL 428683 * 2 (E.D. Penn. Jul. 17, 1995). However, this ignores the multi-state character of many of Plaintiffs' claims. Plaintiffs' allegation that Defendants encouraged the use of fen-phen, failed to adequately test the subject drugs, and indulged in reckless marketing are actions that occurred on a national level. (cit. omitted) These actions allegedly caused repercussions across several states, and, as a result, common issues may arise from disparate jurisdictions.

Thus, the Court finds that all Plaintiffs are appropriately joined pursuant to Rule 20.

*Hodges et al. v. Wyeth et al.*, Civil Action File No. 1:03-CV-276-JTC, slip op.

(N.D. Ga. June 16, 2003)(Exhibit "3" at pp. 8-10).

Defendants concede that Wyeth is a properly joined defendant, but assert that Plaintiff Laurin was egregiously misjoined with the other plaintiffs in order to defeat diversity, and that her claims, therefore, should be severed from the claims of the other plaintiffs. Defendants argue that because Plaintiffs reside in various jurisdictions around the country, they were treated by different doctors who had varying degrees of knowledge about the

13

**potential hazards of the diet drugs. Additionally, Defendants note that Plaintiffs do not claim to have taken the same combination of drugs for the same periods of time. The Court is not persuaded by these arguments.**

**It is clear that there is no misjoinder of plaintiffs in this case. Plaintiffs' claims arise out of the same series of transactions or occurrences – they each took the same three drugs, or a combination thereof, manufactured by the same corporate defendants, which allegedly caused nearly identical injuries. Because each plaintiff has raised claims against each defendant, there are many common questions of law and fact; each plaintiff will attempt to prove that each defendant is liable to him or her for the drug-related injuries. For these reasons, the Court concludes that Plaintiffs were properly joined pursuant to Rule 20. Because every plaintiff is not diverse from every defendant, complete diversity does not exist. Absent a showing of fraudulent or egregious joinder, the Court is obligated to remand the entire case. See Ferry v. Bekum Am. Corp., 185 F. Supp.2d 1285, 1291-91 (M.D. Fla. 2002)(refusing to sever plaintiffs' claims in the absence of egregious misjoinder); see also Spann v. Northwestern Mut. Lif. Ins. Co., 795 F. Supp. 386, 391 (M.D. Ala. 1992)(rejecting defendant's request to sever claims, since the court lacked subject matter jurisdiction).**

*Laurin et al., v. Wyeth et al.*, Civil Action File No. 1:03-CV-1108-WBH, slip op. (N.D. Ga. July 15, 2003)(Exhibit "1" at pp.3-4).

Judge Bartle, in Memorandum And Pretrial Order No. 2627, filed October 17, 2002, addressed many of the concerns raised by Defendants. Judge Bartle stated:

**We do not think that the joinder of multiple intermediate and back-end opt-out plaintiffs adversely affects the intentions or**

goals of the parties to the Settlement Agreement. **Each such plaintiff in a joint trial is limited to compensatory damages, and each must prove his or her own individual claim. We are confident that in these circumstances, the appropriate limiting instructions to the jury will protect Wyeth from the dangers related to res judicata, collateral estoppel, issue preclusion and claim preclusion. Since evidence concerning malicious or wanton conduct on the part of Wyeth will not be before the jury, the danger of improperly inflated or otherwise improper verdicts is minimized, if not eliminated.**

**In addition, we cannot ignore the interests of judicial economy which are at the heart of procedural rules allowing multiple joinder. They generally have the effect of saving the court's time and reducing the parties' costs. They also allow cases, particularly in overburdened jurisdictions, to move to trial more quickly than if a blanket rule existed requiring each person's case to be instituted and tried separately.**

(Pretrial Order No. 2627, MDL Proceeding 1203, E.D. Penn., at page 3; See also, Exhibits "11"-"14" attached hereto).

The only exception to the broad joinder provisions recognized under Rule 20 recognized in this Circuit relates to the "egregious misjoinder" of plaintiffs as established under Tapscott v. M.S. Dealer Service Corp., 77 F.3d 1353 (11th Cir. 1996). In asserting fraudulent joinder or egregious misjoinder, the removing defendant carries the burden of proof. See Tapscott, 77 F.3d at 1356, 1359; Crowe v. Coleman, 113 F.3d 1536, 1538 (11th Cir. 1997).

Because it has previously been established that joinder of Plaintiffs is proper under the present circumstances and applicable law of this Circuit, the egregious misjoinder standard established in <u>Tapscott</u> has not, and cannot, be demonstrated by Defendants.

**B.**    *There is a Lack of Complete Diversity.*

Federal courts may only maintain diversity jurisdiction over a civil action where the amount in controversy exceeds $75,000, and the action is between citizens of different states.  <u>See</u> 28 U.S.C. § 1332.  Under the rule of "complete diversity," every plaintiff must be diverse from every defendant.  <u>See</u> <u>Strawbridge v. Curtiss</u>, 7 U.S. 267 (1806); <u>Triggs v. John Crump Toyota, Inc.</u>, 154 F.3d 1284, 1287 (11th Cir. 1998).   Removal cannot be had in the absence of complete diversity between all plaintiffs and all defendants in an action. 48 U.S.C. § 1332. Due to the lack of complete diversity in the present action, remand is required.

**C.**    *Removal is Improper Because There Are Resident Defendants.*

Under applicable federal law a case may only be removed to federal court under the provisions of 28 U.S.C. § 1332 when ". . . *none of the parties in interest properly joined and served as defendants is a citizen of the State in which the action is brought*." 28 U.S.C. § 1441(b). (emphasis added)   "When diversity jurisdiction is the only ground for federal subject matter jurisdiction in a case

initially filed in state court, such a case 'shall be removable only if none of the parties in interest properly joined and served as defendants is a citizen of the state in which such action is brought.' 28 U.S.C. § 1441(b)." Snapper, Inc. v. Redan, 171 F.3rd 1249, 1257 (11th Cir. 1999). Due to the existence of a least one properly named resident Defendant, there is no proper procedural basis for removal of this action. *Id.*[7]

In her twelve page Order issued on January 21, 2003, Judge Beverly Martin specifically found that Defendant Robert L. Scott, a resident defendant named in the present action, was a proper party, had not been fraudulently joined, and by virtue of his activities was potentially liable to plaintiffs residing in all states. (See Exhibit "4" finding that Robert L. Scott is a proper party to diet drug cases – "Since Scott has not been fraudulently joined, his citizenship cannot be ignored for the purpose of removal jurisdiction", pp. 11-12). Further, said Order was entered in a case lacking any Georgia resident Plaintiff. The present action has been brought on behalf of one or more Georgia residents. Neither Scott nor Molnar dispute their activities in Georgia.

---

[7] The Order entered by Judge Thrash in the Johnson action was limited to the facts presented in that action as to the viability of any claim against Defendant Scott or Molnar. The present action, unlike the Johnson action, pertains to Plaintiffs who reside in states in which said Defendants acknowledge activities and responsibilities relating to Pondimin, Redux and phentermine.

17

Where a defendant seeks to invoke federal jurisdiction under a theory of fraudulent joinder in our Circuit, "[t]he burden . . . is on Defendants to show that *the allegations of the complaint state no possible cause of action*" against any resident defendant.   Cabalceta, 883 F.2d 1553, 1562 (11th Cir. 1989)(emphasis added).   "If there is even a possibility that a state court would find that the complaint states a cause of action against any one of the resident defendants, the federal court must find that the joinder was proper and remand the case to the state court."   Coker, 709 F.2d at 1440-41.   See also, Triggs, 154 F.3[rd] 1284, 1287 (11th Cir. 1998); Tillman v. R. J. Reynolds, 253 F.3[rd] 1301 (11th Cir. 2001). (*"The burden . . . is on Defendants to show that the allegations of the complaint state no possible cause of action . . ."*) Cabalceta, 883 F.2d 1553, 1562 (11th Cir. 1989).

A plaintiff need not show that she could survive a motion for summary judgment filed by the in-state defendant.   Crowe, 113 F. 3rd 1536, 1542 (11th Cir. 1997).   See Also Tillman, 253 F. 3rd 1301 (11th Cir. 2001) ("The plaintiff need not have a winning case against the allegedly fraudulent defendant, he need only have a possibility of stating a valid cause of action in order for joinder to be legitimate.");   Triggs, 154 F.3[rd] 1284, 1287 (11th Cir. 1998).   Under this weighty burden, the defendants have failed to establish fraudulent joinder of Defendant Scott or any other resident Defendant.

WHEREFORE, Plaintiffs request that the above-captioned action be remanded to the State Court of Fulton County, State of Georgia, and that Plaintiffs be awarded there reasonable fees, costs and expenses as allowed under 28 USC § 1447(c).

Respectfully submitted this 1st day of August, 2003.

ROBERT C. BUCK
State Bar of Georgia No. 092495
C. ANDREW CHILDERS
State Bar of Georgia No. 124398

CHILDERS, BUCK & SCHLUETER, LLP
260 Peachtree Street
Suite 1601
Atlanta, Georgia 30303
(404) 419-9500 telephone
(404) 419-9501 facsimile

CHARLES A. MATHIS, JR.
(By Robert C. Buck with express permission)
State Bar of Georgia No. 477025

THE MATHIS LAW FIRM
The Equitable Building
Suite 1400
100 Peachtree Street, N.W.
Atlanta, GA 30303
(404) 523-5000 telephone

(404) 827-9894 facsimile          **Attorneys for Plaintiffs**

## Certification of Compliance With LR 7.1(D)

The undersigned counsel hereby certifies that the foregoing Brief has been

prepared with one of the Font and point selections approved by this Court and LR

5.1(B).  This Brief was prepared in Times New Roman 14 point type.

_____
Robert C. Buck
Attorney for Plaintiffs
Georgia Bar No: 092495

CHILDERS, BUCK & SCHLUETER, LLP
260 Peachtree Street
Suite 1601
Atlanta, Georgia 30303
(404) 419-9500 telephone
(404) 419-9501 facsimile

21

## **CERTIFICATE OF SERVICE**

I hereby certify that a true and correct copy of the foregoing pleading has

been furnished to opposing counsel by hand delivery to:

Stephen M. Lore, Esq.
Stephen M. Brooks, Esq.
Nelson Mullins Riley & Scarborough, LLP
First Union Plaza, Suite 1400
999 Peachtree Street, NE
Atlanta, Georgia 30309

M. Elizabeth O'Neill, Esq.
Hawkins & Parnell, LLP
4000 SunTrust Plaza
303 Peachtree Street, NE
Atlanta, GA 30308

Cliff Iler, Esq.
Alston & Bird LLP
One Atlantic Center
1201 West Peachtree Street
Atlanta, GA 30309-3424

This 1st day of August, 2003.

Robert C. Buck
Attorney for Plaintiffs
Georgia Bar No. 092495

CHILDERS, BUCK & SCHLUETER, LLP
260 Peachtree Street
Suite 1601
Atlanta, Georgia 30303
(404) 419-9500 telephone
(404) 419-9501 facsimile

## **Index of Exhibits**

1. *Laurin et al.,  v. Wyeth et al.*, Civil Action File No. 1:03-CV-1108-WBH, slip op. (N.D. Ga. July 15, 2003)

2. *Hodges et al. v. Wyeth et al.*, Civil Action File No. 1:03-CV-276-JTC, slip op. (N.D. Ga. July 3, 2003)

3. *Hodges et al. v. Wyeth et al.*, Civil Action File No. 1:03-CV-276-JTC, slip op. (N.D. Ga. June 16, 2003)

4. *Roane et al. v. American Home Products et al.,* Civil Action File No. 1:02-CV-2681-BBM, slip op. (N.D. Ga. Jan. 21, 2003)

5. *Washington et al. v. American Home Products et al.,* Civil Action File No. 1:02-CV-2567-WBH, slip op. (N.D. Ga. Dec. 20, 2002)

6. *Chapman et al. v. American Home Products et al.,* Civil Action File No. 1:02-CV-1163-RWS, slip op. (N.D. Ga. Jun. 11, 2002)

7. *Hodges. v. American Home Products et al.,* Civil Action File No. 1:02-CV-1162-WBH, slip op. (N.D. Ga. Jun. 7, 2002)

8. *Choc et al. v. American Home Products et al.,* Civil Action File No. 1:02-CV-1164-CAP, slip op. (N.D. Ga. Jun. 4, 2002)

9. *Evans et al. v. American Home Products et al.,* Civil Action File No. 1:02-CV-1161-CAP, slip op. (N.D. Ga. Jun. 4, 2002)

10. *Burt et al. v. American Home Products et al.,* Civil Action File No. 1:01-CV-3387-CAP, slip op. (N.D. Ga. Jan. 18, 2002)

11. *Raetha Barnett, et al. v. American Home Products Corporation, et al.,* Case No. 03-20085, slip op. (E.D. Pa., May 20, 2003)

12. *Cyndi Chrestman, et al v. American Home Products Corp., et al*, Case No. 03-20097, slip op.  (E.D. Pa., May 20, 2003)

13. *Gladys Williamson, et al v. American Home Products Corp., et al*, Case No. 03-20083, slip op.  (E.D. Pa., May 20, 2003)

14. *Linda Walls, et al. v. American Home Products Corporation, et al.,* Case No. 02-20111, slip op.  (E.D. Pa., May 28, 2003)



# EXHIBIT / ATTACHMENT

**(To be scanned in place of tab)**

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

FILED IN CLERK'S OFFICE
U.S.D.C. Atlanta

JUL 1 5 2003

LUTHER THO.......... Clerk
BY: _____
Deputy Clerk

ROSEMARIE LAURIN, et al.                    )
                                            )
        Plaintiffs,                         )
                                            )
                                            )       CIVIL ACTION FILE
v.                                          )       NO. 1:03-CV-1108-WBH
                                            )
WYETH, INC., et al.                         )
                                            )
        Defendants.                         )
                                            )

## ORDER

Before the Court is Plaintiffs' emergency motion to remand [9] and Defendants'
motion to exceed page limitations [14]. Because there is an absence of complete diversity
between the plaintiffs and the defendants, the motion to remand is GRANTED.

### BACKGROUND

This suit was originally filed by sixteen plaintiffs in the State Court of Fulton County
on March 24, 2003. In the complaint, Plaintiffs allege that they suffered injuries to their
mitral and/or aortic valves after taking certain diet drugs. Plaintiff Rosemary Laurin is a
resident of New Jersey. The other plaintiffs are residents of Kentucky, the District of
Columbia, Maryland, Georgia, Virginia, West Virginia, Florida, New York, and Tennessee.
Plaintiffs have sued sixteen defendants, including Wyeth, Inc. ("Wyeth"), a drug
manufacturer, which is a citizen of New Jersey.[1] The complaint alleges various state law
causes of action including strict liability, negligence, breach of warranties, fraud, and

---

[1] Wyeth is incorporated in Delaware and has its principal place of business in New Jersey.

conspiracy.

On April 23, 2003, Wyeth and four other defendants removed the action to federal court, ostensibly based on diversity jurisdiction. Recognizing that Wyeth is not diverse from Plaintiff Rosemarie Laurin, these Defendants ask the Court to sever and retain jurisdiction over the claims of all plaintiffs except Ms. Laurin.[2] Contesting these assertions, Plaintiffs filed an emergency motion to remand, arguing, among other things, that removal is improper because there is an absence of diversity between all of the plaintiffs and all of the defendants.

## ANALYSIS

### *Diversity jurisdiction, joinder, and fraudulent joinder*

Federal courts have diversity jurisdiction over all civil actions where the amount in controversy exceeds $75,000, and the action is between citizens of different states. See 28 U.S.C. § 1332. Under the rule of "complete diversity," every plaintiff must be diverse from every defendant. See Strawbridge v. Curtiss, 7 U.S. 267 (1806); Triggs v. John Crump Toyota, Inc., 154 F.3d 1284, 1287 (11th Cir. 1998). The filing of a frivolous or otherwise illegitimate claim against a non-diverse defendant solely to prevent removal is known as "fraudulent joinder," and courts may disregard the citizenship of the fraudulently joined defendant when assessing the existence of complete diversity. See Tedder v. F.M.C. Corp., 590 F.2d 115, 117 (5th Cir. 1979).

---

[2] In addition to the Wyeth/Laurin diversity issue, there are other significant obstacles to removal: Plaintiff Miller is not diverse from Defendants Zenith and Zenith-Goldline (all are Florida residents), Plaintiff Kultschizky is not diverse from Defendants Celltech, Fisons, and Medeva (all are New York residents), and the individual defendants are all residents of Georgia, the forum state. Because the Court finds that Ms. Laurin's presence in the case destroys diversity, the Court need not reach these issues.

2

The Eleventh Circuit has recognized that egregious misjoinder of parties may amount to fraudulent joinder. See Tapscott v. M.S. Dealer Service Corp., 77 F.3d 1353, 1360 (11th Cir. 1996). The Federal Rules allow parties to join together as plaintiffs when (1) their claims arise out of the same series of transactions or occurrences, and (2) there is a question of law or fact common to all plaintiffs. See Fed. R. Civ. P. 20 (a).[3]   When the joinder requirements are not met, the court may sever the party's claims and allow them to proceed separately. See Fed. R. Civ. P. 21. District courts have broad discretion to determine the appropriateness of joinder. See Swan v. Ray, 293 F.3d 1252, 1253 (11th Cir. 2002).

### *Whether Plaintiff Laurin was "egregiously misjoined"*

Defendants concede that Wyeth is a properly joined defendant, but assert that Plaintiff Laurin was egregiously misjoined with the other plaintiffs in order to defeat diversity, and that her claims, therefore, should be severed from the claims of the other plaintiffs. Defendants argue that because Plaintiffs reside in various jurisdictions around the country, they were treated by different doctors who had varying degrees of knowledge about the potential hazards of the diet drugs. Additionally, Defendants note that Plaintiffs do not claim to have taken the same combination of drugs for the same periods of time. The Court is not persuaded by these arguments.

It is clear that there is no misjoinder of plaintiffs in this case. Plaintiffs' claims arise out of the same series of transactions or occurrences – they each took the same three drugs,

---

[3] Plaintiffs assert that Georgia law - not the Federal Rules - should govern the joinder issue since the case was originally filed in state court. The Georgia statute is virtually identical to Rule 20, and the result is the same under either standard. Compare Fed. R. Civ. P. 20(a) with O.C.G.A. § 9-11-20(a).

3

or a combination thereof, manufactured by the same corporate defendants, which allegedly caused nearly identical injuries. Because each plaintiff has raised claims against each defendant, there are many common questions of law and fact; each plaintiff will attempt to prove that each defendant is liable to him or her for the drug-related injuries. For these reasons, the Court concludes that Plaintiffs were properly joined pursuant to Rule 20. Because every plaintiff is not diverse from every defendant, complete diversity does not exist. Absent a showing of fraudulent or egregious joinder, this Court is obligated to remand the entire case. See Ferry v. Bekum Am. Corp., 185 F. Supp. 2d 1285, 1291-91 (M.D. Fla. 2002) (refusing to sever plaintiff's claims in the absence of egregious misjoinder); see also Spann v. Northwestern Mut. Life Ins. Co., 795 F. Supp. 386, 391 (M.D. Ala. 1992) (rejecting defendant's request to sever claims, since the court lacked subject matter jurisdiction).

### CONCLUSION

For the reasons set forth above, Plaintiff's motion to remand [9] is GRANTED, and this case is remanded to the State Court of Fulton County. Defendants' motion to exceed page limitations [14] is summarily GRANTED.

It is so ORDERED this 15 day of July, 2003.

Willis B. Hunt, Jr.
Judge, United States District Court

4



# EXHIBIT / ATTACHMENT

## 2

**(To be scanned in place of tab)**



IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

FILED IN CLERK'S OFFICE
U.S.D.C. Atlanta

JUL 0 3 2003

LUTHER D. THOMAS, Clerk
By:_____
Deputy Clerk

PHYLLIS HODGES, SONYA
PINCKNEY, VELMA JEAN
WILLIS, JAMES MAGEE, TERESA
MAY, SABRINA SIMS, VIVIAN
MULLEN, LISA ODOM, MARY
PORTER, JUDITH HEDGREN,
PATRICIA RIPPEE, SHEILA
ROBINSON, JOY RUSHING,
BRENDA STIGALL, CAROL
TUTOR, DONNA VEACH,
BEVERLY WALKER, DEBRA
WALKER, CHARLOTTE
WEBSTER, DIANE WELLS,
NANCY WELLS, MARGARET
MCCOY, JEANNETTE N.
WILLIAMS, JEANETTE E.
WILLIAMS, DOROTHY JUNG,
GERALDINE SHEAD, MARILYN
DAVIS, and LORI FRANSOSO,

      Plaintiffs,

            v.

WYETH, INC., WYETH
PHARMACEUTICALS, INC.,
INDEVUS PHARMACEUTICALS,
INC., MEDEVA
PHARMACEUTICALS, INC.,
FISONS PHARMACEUTICALS,
CELLTECH PHARMACEUTICALS,
INC., GOLDLINE
LABORATORIES, INC., ZENITH-
GOLDLINE PHARMACUETICALS,
INC., ROBERT L. SCOTT, JOHN A.
MOLNAR, STEVEN KAISER, and
JOHN DOE, 1-5,
      Defendants.

CIVIL ACTION
NO. 1:03-CV-276-JTC



# O R D E R

This case is before the Court on Defendants' Emergency Motion for Stay of Order of Remand [#38-1]. Defendants move to stay this action so that the Court may reconsider the Order of Remand. This Motion [#38-1] is **DENIED**.

On June 16, 2003, the Court issued an order finding no diversity of citizenship existed and remanded the case pursuant to 28 U.S.C. § 1447(c). Defendants contend that until the Clerk of the Court sends a certified copy of *the remand order to the* State Court of Fulton County, Georgia, the Court may entertain a motion for reconsideration.

Several Circuits have found that a district court retains jurisdiction to reconsider an order to remand until a certified copy of the order is mailed by the Clerk to the State Court. Arnold v. Garlock, Inc., 278 F.2d 426, 437-38 (5th Cir. 2001); McClelland v. Gronwaldt, 155 F.3d 507, 513 n.15 (5th Cir. 1998); *Hunt v. Acromed Corp.*, 961 F.2d 1079, 1081 (3rd Cir. 1992). Conversely, the Fourth Circuit held that a order of remand becomes unreviewable as soon as it is entered. In re Lowe, 102 F.2d 731, 735 (4th Cir. 1996).

Although this Circuit has not addressed when a district court is divested of jurisdiction, it has found, "Section 1447(d) states that '[a]n order remanding a case to the State court from which it was removed is not

2

reviewable on appeal or otherwise.' This nonreviewability extends to the power of a district court to reconsider its own remand order. First Union Nat'l Bank of Florida v. Hall, 123 F.3d 1374, 1377 (11th Cir. 1997); Tipp v. AmSouth Bank, 89 F.Supp.2d 1304, 1306 (S.D.Ala. 2000)(noting the district court's ability to reconsider a remand order is co-extensive with the appellate court's power to review such an order). Thus, under binding precedent, a district court cannot reconsider an order of remand. To hold otherwise would forge a new exception, and Defendants advance no reason for the Court to do so.

Defendants offer essentially two reasons why reconsideration is imperative in this matter. First, Defendants note that without reconsideration, the Order of Remand will not be reviewed. By the express language of Section 1447(d), however, Congress intended that there would be no review of remand orders. See Tipp, 89 F.Supp.2d at 1307 ("Or in the words of the First Circuit: 'The district court gets one shot, right or wrong.'")(citing In re La Providencia Development Corp., 406 F.2d 251, 253 (1st Cir. 1969)). Second, Defendants complain that the Fulton County court system will shortly be inundated with over 7,000 plaintiffs involving the diet drug litigation. Appropriate case and docket management in the Fulton

3

County court system  is for judges of the Fulton County, not this Court, to decide.

Therefore, Defendants' Motion for an Emergency Stay [#38-1] is **DENIED**.  The Clerk is **DIRECTED** to send a certified copy of the Order of Remand to the State Court of Fulton County.


**SO ORDERED**, this _____ day of July, 2003.

JACK T. CAMP
UNITED STATES DISTRICT JUDGE

Hodges denial of stay.wpd

4



# EXHIBIT / ATTACHMENT

## 3

**(To be scanned in place of tab)**

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

PHYLLIS HODGES, SONYA
PINCKNEY, VELMA JEAN
WILLIS, JAMES MAGEE, TERESA
MAY, SABRINA SIMS, VIVIAN
MULLEN, LISA ODOM, MARY
PORTER, JUDITH HEDGREN,
PATRICIA RIPPEE, SHEILA
ROBINSON, JOY RUSHING,
BRENDA STIGALL, DONNA
VEACH, CAROL TUTOR,
BEVERLY WALKER, DEBRA
WALKER, CHARLOTTE
WEBSTER, DIANE WELLS,
NANCY WELLS, MARGARET
MCCOY, JEANNETTE N.
WILLIAMS, JEANETTE E.
WILLIAMS, DOROTHY JUNG,
GERALDINE SHEAD, MARILYN
DAVIS, and LORI FRANSOSO,

    Plaintiffs,

     v.

WYETH, INC., WYETH
PHARMACEUTICALS, INDEVUS
PHARMACEUTICALS, MEDEVA
PHARMACEUTICALS, INC.,
FISONS PHARMACEUTICALS,
CELLTECH PHARMACEUTICALS,
INC., GOLDLINE
LABORATORIES, ZENITH-
GOLDLINE LABORATORIES,
ROBERT L. SCOTT, JOHN A.
MOLNAR, STEVEN KAISER, and
JOHN DOE, 1-5,

    Defendants.

FILED IN CLERK'S OFFICE
U.S.D.C. - Atlanta

JUN 16 2003

LUTHER D. THOMAS, Clerk
By [signature]
Deputy Clerk

CIVIL ACTION
NO. 1:03-CV-276-JTC

<u>O R D E R</u>

This case is before the Court on Plaintiffs' Emergency Motion to Remand [#8-1] and Plaintiffs' Motion to File in Excess of Page Limitations [#17-1]. Defendants removed the case to federal court, contending several parties were fraudulently joined to destroy diversity jurisdiction. However, non-diverse plaintiff Sonya Pinckney is correctly joined under Federal Rule of Civil Procedure 20. Therefore, the Motion to Remand [#8-1] and the Motion to File in Excess of Page Limitation [#17-1] are **GRANTED**.

## I.    BACKGROUND

This case arises out of the ingestion of three diet drugs: fenfluramine, dexfenfluramine, and phentermine ("subject drugs"). On December 31, 2002, twenty-eight plaintiffs from seven states filed this action against several defendants who were involved in the manufacturing and distributing of the subject drugs in Superior Court of Fulton County, Georgia. Plaintiffs[1] contend that the subject drugs caused damage to the mitral or aortic valve of their hearts as identified by echocardiograms performed after September 30, 1999.

_____

[1]One Plaintiff is the personal representative of the estate of a decedent who took the subject drugs.

The subject drugs have been the source of considerable litigation over the past several years.[2]  In 1992, doctors began prescribing a drug cocktail of fenfluramine and phentermine, commonly known as "fen-phen," to individuals to aid in weight loss.   The Federal Drug Administration removed fenfluramine and dexfenfluramine from the market after allegations surfaced that fen-phen caused cardiovascular problems.

Ultimately, multiple class actions were filed across the country, and all federal cases related to fen-phen were consolidated for pretrial purposes in the United States District Court for the Eastern District of Pennsylvania ("MDL Court").  In 2000, the MDL Court approved a nationwide class action settlement ("National Settlement").  The National Settlement encompasses all diet drug users, including Plaintiffs.  Plaintiffs contend they have appropriately opted out from the National Settlement to pursue the instant litigation.

Defendants removed the case to federal court, contending Plaintiffs deliberately and fraudulently destroyed diversity jurisdiction to avoid transfer to the MDL Court.

_____

[2]See In re Diet Drugs (Phentermine, Fenfluramine, Dexfenfluramine) Products Liability Litigation, 220 F.Supp.2d 414, 420-21 (E.D.Pa. 2002).  This case gives a short synopsis of the federal diet drug litigation.  This case will be referred to hereafter at "In re Diet Drugs."

## II.   ANALYSIS

### A.   Standard for Fraudulent Joinder

Defendants contend the Court has diversity jurisdiction over the action

pursuant to 28 U.S.C. § 1332.[3]  Any civil action may be removed from state to

federal court where the federal court has original jurisdiction in the matter.

28 U.S.C. § 1441;[4] Tapscott v. MS Dealer Serv. Corp., 77 F.3d 1353, 1356

(11th Cir. 1996), abrogated on other grounds, Cohen v. Office Depot, Inc., 204

F.3d 1069 (11th Cir. 2000).  Moreover, a plaintiff cannot destroy diversity

jurisdiction fraudulently to prevent removal.  See id. at 1359; Cabalceta v.

Standard Fruit Co., 883 F.2d 1553, 1561 (11th Cir. 1989); Triggs v. John

Crump Toyota, Inc., 154 F.3d 1284, 1287 (11th Cir. 1998).  In both situations,

the removing defendant carries the burden of proof.  See Tapsott, 77 F.3d at

1356, 1359; Crowe v. Coleman, 113 F.3d 1536, 1538 (11th Cir. 1997)("The

burden of the removing party is a 'heavy one.'")(citation omitted).

---

[3]"The district courts shall have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $ 75,000, exclusive of interest and costs, and is between - (1) citizens of different states; (2) citizens of a State and citizens or subjects of a foreign state; (3) citizens of different States and in which citizens or subjects of a foreign state are additional parties; and (4) a foreign state, defined in section 1603(a) of this title, as plaintiff and citizens of a State or of different States." 28 U.S.C. § 1332(a).

[4]"Except as otherwise expressly provided by Act of Congress, any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or the defendants, to the district court of the United States for the district and division embracing the place where such action is pending." 28 U.S.C. § 1441(a).

4

The Eleventh Circuit recognizes three types of fraudulent joinder: (1) where the plaintiff has no possible cause of action against the non-diverse defendant; (2) where there is outright fraud in the plaintiff's pleading of jurisdictional facts; and (3) egregious joinder, where "a diverse defendant is joined with a nondiverse defendant as to whom there is no joint, several or alternative liability and where the claim against the diverse defendant has no real connection to the claim against the nondiverse defendant." Triggs, 154 F.3d at 1287; Tapscott, 77 F.3d at 1360.  In the case of fraudulent joinder, the Court ignores the citizenship of the misjoined party for diversity purposes.  In re Diet Drugs, 220 F.Supp.2d at 422.  The motives of the plaintiffs, however, are irrelevant to the question of fraudulent misjoinder.  See Triggs, 154 F.3d at 1291

The standard used to resolve a claim of fraudulent joinder in akin to a summary judgment motion.  Crowe, 113 F.3d at 1538.  The question, however, is whether the plaintiff states an arguable claim under state law, not whether the claim will be successful.  Id.  Fraudulent joinder is assessed from the plaintiff's pleadings at the time of removal, but the parties may submit affidavits and depositions for consideration.  Id.  All facts and all uncertainties of state substantive law are resolved in the plaintiff's favor, id., and, if federal jurisdiction is not absolutely clear, remand is favored.

5

Burns v. Windsor Ins. Co., 31 F.3d 1092. 1095 (11th Cir. 1994)("While a defendant does have a right...to remove in certain situations, plaintiff is still master of his own claim.").

In the instant action, Defendants face two bars to federal diversity jurisdiction.  First, § 1441(b) prevents the removal of a diversity action where a properly joined defendant is a citizen of the state where the action was initially brought, but Defendants Scott, Molnar, and Kaiser are citizens of Georgia.  Cabalceta, 883 F.2d at 1556.  Second, diversity jurisdiction requires complete diversity: every plaintiff must be diverse from every defendant.  Triggs, 154 F.3d at 1287.  Yet, Plaintiff Pinckney and Defendant Wyeth Pharmaceuticals are citizens of Pennsylvania, and Plaintiff Shead, Plaintiff Fransoso, Defendant Goldline Laboratories and Defendant Zenith-Goldline Laboratories are all citizens of Florida.

Defendants must show that each one of the aforementioned parties is fraudulently joined.  Otherwise, the entire matter must be remanded to the Superior Court of Fulton County.

**B.   Severance of Sonya Pinckney**

Defendants contend that Plaintiff Pinckney was egregiously misjoined with the disparate and unrelated claims of twenty-seven other Plaintiffs from

6

different jurisdictions.  For this argument, Defendants principally rely on the Eleventh Circuit case, <u>Tapscott</u>.

      <u>Tapscott</u> involved the merger of essentially two separate lawsuits.  77 F.3d at 1355, 1360.  Two discrete classes of plaintiffs sued two discrete classes of defendants, one of which contained nondiverse defendants.  <u>Id.</u> at 1360.[5] Moreover, none of the plaintiffs asserted claims against both class of defendants; instead each plaintiff was paired with a certain defendant.  The transactions involving the class of nondiverse defendants were wholly distinct from and without any connection to the transactions involving the class of diverse defendants.  <u>Id.</u>   In light of this, <u>Tapscott</u> determined the two classes of defendants were misjoined Rule 20 and "Appellants' attempt to join these parties is so egregious as to constitute fraudulent misjoinder."  <u>Id.</u>

      To assert egregious misjoinder under <u>Tapscott</u>, the first question is whether Plaintiff Pinckney is validly joined with the other plaintiffs.  Under Rule 20, "[a]ll persons may join in one action as plaintiffs if they assert any right to relief jointly, severally, or in the alternative in respect of or arising out of the same transaction, occurrence, or series of transactions or occurrences and if any question of law or fact common to all these persons

---

[5]Class is not used in the sense of a class action lawsuit, but merely to catagorize the parties into two separate groups.

will arise in the action." The joinder of several plaintiffs who have no causal

connection to each other defeats the purpose of Rule 20, trial convenience and

to expedite the resolution of disputes. <u>Alexander v. Fulton County</u>, 207 F.3d

1303, 1322 (11th Cir. 2000); <u>In re: Rezulin Products Liability</u>, 168 F.Supp.2d

136, 146 (S.D.N.Y. 2001).

The test for joinder has two prongs: (1) the right to relief must arise out

of the same transaction or occurrence, or series of transactions or occurrences;

and (2) some question of law or fact must be in common to all persons seeking

to be joined. <u>Alexander</u>, 207 F.3d at 1323; <u>Stone v. First Union Corp.</u>, 203

F.R.D. 532, 541 (S.D.Fla. 2001). On the first prong, a transaction or

occurrence encompasses all logically related events that entitle a person to

institute legal action. <u>Alexander</u>, 207 F.3d at 1323. On the second prong,

only some question of law or fact need be common to all parties. <u>Id.</u> at 1324.

The Court has broad discretion to determine the appropriateness of joinder.

<u>See</u> <u>Swan v. Ray</u>, 293 F.3d 1252, 1253 (11th Cir. 2002)(per curium).

Rule 20 joinder is appropriate in this case because the claims arise out

of the same series of transactions and occurrences and several questions of

law and fact are in common. First, all Plaintiffs join in the same claims

against all Defendants, including Wyeth Pharmaceuticals. This is in stark

contrast to <u>Tapscott</u>, where certain plaintiffs were paired with certain

8

defendants. 77 F.3d at 1360. See also in re Diet Drugs, 220 F.Supp.2d at 422 (finding fraudulent joinder where "48 of the 50 plaintiffs had no treatment by and no contact whatever with any of [the non-diverse defendants].")

Second, Plaintiffs allege that the same three drugs, or a combination thereof, manufactured by Defendants have caused nearly identical injuries, and they are all members of the same class in the National Settlement. Moore v. Smithkline Beecham Corp., No. 1:02CV151-D-D, slip op. at 5 (N.D.Miss. Jul. 26, 2002)("Here, all the plaintiffs have sued a common defendant...and all assert common claims against that defendant...."); in re Norplant Contraceptive Products Liability Litigation, 168 F.R.D. 579, 580 (E.D.Tex. 1996).

Defendants argue that Plaintiffs have little in common because they were prescribed different drugs at different times by different doctors. See In re Orthopedic Bone Screw Products Liability Litigation, 1995 WL 428683 * 2 (E.D.Penn. Jul. 17, 1995). However, this ignores the multi-state character of many of Plaintiffs' claims. Plaintiffs' allegations that Defendants encouraged the use of fen-phen, failed to adequately test subject drugs, and indulged in reckless marketing are actions that occurred on a national level. (Compl. ¶¶ 108, 109, 117, 118.) These actions allegedly caused repercussions across

9

several states, and, as a result, common issues may arise from disparate jurisdictions.

Thus, the Court finds that all Plaintiffs are appropriately joined pursuant to Rule 20.  United Mine Workers of Am. v. Gibbs, 383 U.S. 715, 724, 86 S.Ct. 1130, 1138 (1966)).  Therefore, complete diversity does not exist, and Plaintiffs' Motion to remand is **GRANTED**.

## III.   CONCLUSION

Plaintiffs' Emergency Motion to Remand [#8-1] is **GRANTED**, and Plaintiffs' Motion to File in Excess of Page Limitations [#17-1] is **GRANTED**. This case is **REMANDED** to the Superior Court of Fulton County, Georgia.

**SO ORDERED**, this _/6_ day of June, 2003.

JACK T. CAMP
UNITED STATES DISTRICT JUDGE

Hodges remand order

10



# EXHIBIT / ATTACHMENT

## 4

**(To be scanned in place of tab)**

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

FILED IN CLERK'S OFFICE
U.S.D.C. Atlanta

JAN 21 2003

LUTHER D. THOMAS, Clerk
By: _____ Deputy Clerk

STEPHANIE ROANE, CYNTHA D.
CHOC, TERRY L. ROWDEN, LINDA
S. PETERS, VIVIAN R. EVANS,
JOAN G. CHEATWOOD,
CATHERINE T. MCGEE, and
BARBARA STEFANAVAGE,

      Plaintiffs,

      v.

AMERICAN HOME PRODUCTS
CORPORATION, now known as
WYETH CORPORATION; WYETH
PHARMACEUTICALS f/k/a
WYETH-AYERST
PHARMACEUTICALS, INC.; EON
LABS MANUFACTURING, INC.;
RUGBY LABORATORIES, INC.;
ROBERT L. SCOTT; JOHN A.
MOLNAR; ANTHONY D. ADAMS;
ROBIN W. JONES; AVERY T.
LANIUS; and JOHN DOE NOS. 1-5,

      Defendants.

CIVIL ACTION

NO. 1:02-CV-2681-BBM

## O R D E R

    This products liability action, involving the diet drug "Fen-Phen," is before the

court on the plaintiffs' emergency motion to remand [Doc. No. 11-1] and defendant

Wyeth Corporation's motion to transfer all diet drug cases to a single judge [Doc.

No. 31-1].

I.   Factual and Procedural Background

The current lawsuit is one in a series of lawsuits involving plaintiffs who have ingested dexfenfluramine, fenfluramine, and phentermine, otherwise known as the diet drug "Fen-Phen." The eight plaintiffs in this action — Stephanie Roane ("Roane"), Cyntha Choc ("Choc"), Terry Rowden, Linda Peters, Vivian Evans, Joan Cheatwood, Catherine McGee ("McGee"), and Barbara Stefanavage ("Stefanavage") — filed their complaint in Fulton County Superior Court on August 30, 2002.  The complaint alleges various state law causes of action, including negligence, negligent misrepresentation, fraud, and conspiracy.  As defendants, the plaintiffs name American Home Products Corporation n/k/a Wyeth Corporation, Wyeth Pharmaceuticals (collectively, "Wyeth"), Eon Manufacturing, Inc., Rugby Laboratories, Inc. ("Rugby"), and five individuals — Robert Scott ("Scott"), John Molnar ("Molnar"), Anthony Adams ("Adams"), Robin Jones ("Jones"), and Avery Lanius ("Lanius").

The plaintiffs are citizens of various states.  Namely, Roane is a Georgia resident, Choc is a Minnesota resident, McGee is a Louisiana resident, Stefanavage is a California resident, and the remaining plaintiffs are Oklahoma residents. Similarly, the defendants are residents of different states. The individual defendants are all residents of Georgia, but the corporate defendants are not.  Specifically, Wyeth Corporation and Wyeth Pharmaceuticals are Delaware corporations with

2

their principal places of business in New Jersey and Pennsylvania. Eon Manufacturing is also a Delaware corporation with its principal place of business in New York, and Rugby is a New York corporation with its principal place of business in California.

On September 30, 2002, Wyeth removed the action to this court ostensibly based on diversity jurisdiction. Wyeth asserts that it is entitled to remove the cause of action as all properly joined parties are diverse, and none is a resident of Georgia. Importantly, Wyeth asserts that Rugby and the individual defendants have been fraudulently joined to this cause of action in order to defeat diversity jurisdiction and Wyeth's statutory right to removal. Contesting Wyeth's assertions, the plaintiffs filed an emergency motion to remand [Doc. No. 11-1] shortly after removal. In that motion, the plaintiffs argue that removal is improper, as no defendant has been fraudulently joined. Accordingly, the plaintiffs ask the court to return the case to Fulton County Superior Court. The court now considers the propriety of removal.

## II.   Diversity and Fraudulent Joinder

Federal courts have diversity jurisdiction over all civil actions where the amount in controversy exceeds $75,000.00, and the action is between citizens of different states. 28 U.S.C. § 1332. This requires complete diversity; every plaintiff must be diverse from every defendant. Triggs v. John Crump Toyota, Inc., 154 F.3d

3

1284, 1287 (11th Cir. 1998).  When diversity jurisdiction exists, a federal statute

provides that actions filed in state court may be removed to federal court.  18 U.S.C.

§ 1441(a).  However, the statute provides a caveat.  <u>Cabalceta v. Standard Fruit Co.,</u>

883 F.2d 1553, 1556 (11th Cir. 1989).  For a case to be removed on the basis of

diversity jurisdiction, no defendant can be a "citizen of the State in which such action

is brought."  28 U.S.C. § 1441(b).  Therefore, given the language of sections 1332 and

1441(b), removal is not appropriate if any proper defendant is a resident of the

forum state or otherwise nondiverse.

    In the instant action, there are two significant obstacles to removal based on

diversity jurisdiction.  First, the plaintiffs and the defendants are not completely

diverse.  Specifically, Rugby is not diverse from Stefanavage because both are

residents of California, and Roane is not diverse from the individual

defendants—Scott, Molnar, Adams, Jones, and Lanius—because all are Georgia

residents.  Second, in addition to a lack of complete diversity, the five individual

defendants are residents of Georgia, the forum state.

    Where, as here, some defendants are not completely diverse from the

plaintiffs, and other defendants are residents of the forum state, removal will still

be proper if the removing party can show fraudulent joinder of each of the resident

4

and nondiverse defendants. Triggs, 154 F.3d at 1287. In the Eleventh Circuit, there

are three situations where joinder may be deemed fraudulent:

> The first is when there is no possibility that the plaintiff can prove a
> cause of action against the resident (nondiverse) defendant. The
> second is when there is outright fraud in the plaintiff's pleading of
> jurisdictional facts. In Tapscott, a third situation of fraudulent joinder
> was identified — i.e., where a diverse defendant is joined with a
> nondiverse defendant as to whom there is no joint, several or
> alternative liability and where the claim against the diverse defendant
> has no real connection to the claim against the nondiverse defendant.

Id. (internal citations omitted). Wyeth premises its claim of fraudulent joinder on

the first situation by arguing that there is no possible cause of action against the

nondiverse and resident defendants.

In Pacheco de Perez v. A.T.&T. Co., the Eleventh Circuit emphasized that "the

removing party bears the burden of showing the existence of federal jurisdiction."

139 F.3d 1368, 1373 (11th Cir. 1998). At the same time, the Court of Appeals stressed

that "[t]he burden of establishing fraudulent joinder is a heavy one," and removal

jurisdiction is to be construed narrowly. Id. at 1379. Any doubts regarding the

existence of federal jurisdiction are to be resolved in favor of the plaintiff. Univ. of

S. Ala. v. Am. Tobacco Co., 168 F.3d 405, 411 (11th Cir. 1999). As such, after

reviewing the pleadings, depositions, and affidavits on file, "the district court should

resolve all questions of fact and controlling law in favor of the plaintiff." Cabalceta,

883 F.2d at 1561. "Where a plaintiff states even a colorable claim against the resident

5

[or nondiverse] defendant, joinder is proper and the case should be remanded to state court." Pacheco de Perez, 139 F.3d at 1379 (citing Crowe v. Coleman, 113 F.3d 1536, 1538 (11th Cir. 1997)).

In fact, the Eleventh Circuit has held that:

> If there is even a possibility that a state court would find that the complaint states a cause of action against any one of the resident [or nondiverse] defendants, the federal court must find that the joinder was proper and remand the case to the state court. The plaintiff need not have a winning case against the allegedly fraudulent defendant; he need only have a possibility of stating a valid cause of action in order for the joinder to be legitimate.

Triggs, 154 F.3d at 1287 (internal citations omitted).  Thus, it is important to "avoid jumbling up motions for remand and motions for summary judgment." Crowe, 113 F.3d at 1542.  "For a remand, the plaintiff's burden is much lighter than that [for summary judgment]." Id. at 1541.  "[T]he district court's authority to look into the ultimate merit of the plaintiff's claims must be limited to checking for obviously fraudulent or frivolous claims." Id. at 1542.

Therefore, the propriety of removal hinges on the validity of the claims asserted against the nondiverse and resident defendants:  Rugby, Scott, Molnar, Adams, Jones, and Lanius. Only if Wyeth can prove that there is no colorable claim against each of these defendants will removal be proper. Because it is determinative

6

of the jurisdictional issue, the court only addresses whether Scott has been fraudulently joined.[1]

At all times relevant to this lawsuit, Scott, a Georgia resident, was an employee of Wyeth. Scott was employed as the Regional Manager, State Government Affairs. In this position, the defendant promoted Fen-Phen by providing information to government officials in various states. While Scott promoted Wyeth's diet drugs, the plaintiffs allege that he made misrepresentations to "various state medical boards, state pharmacy boards, and state regulatory entities for the specific purpose of increasing the availability and sale of the subject drug products to Plaintiffs and the general public by lobbying for the removal of restrictions on the consumption of fenfluramine [], dexfenfluramine [], and phentermine in the subject states." Based on these interactions with state entities, the plaintiffs assert claims for negligence, negligent misrepresentation, fraud, and conspiracy against Scott.

In arguing that Scott has been fraudulently joined to this cause of action, Wyeth asserts three arguments. First, Wyeth contends that Scott did not engage in any activity that affected the plaintiffs. Next, Wyeth argues that there is no evidence

---

[1] Because the court finds that Scott, a Georgia resident, was not fraudulently joined, and this finding requires remand to state court under 28 U.S.C. § 1441(b), the court need not address the issue of whether Rugby, Molnar, and the other individual defendants were fraudulently joined.

that Scott made any false representations to state entities. Finally, Wyeth asserts that

the plaintiffs cannot sustain their causes of action on a theory of indirect harm.

Importantly, in each of Wyeth's arguments, the defendant relies on depositions and

affidavits of Scott.   While the court may consider these items on a motion for

remand, the court notes that the "district court's authority to look into the ultimate

merit of the plaintiff's claims must be limited to checking for obviously fraudulent

or frivolous claims." <u>Crowe</u>, 113 F.3d at 1542.

Despite Wyeth's arguments, the court cannot say, construing all legal and

factual doubts in favor of the plaintiffs, that there is no possible cause of action

against Scott.  In Georgia, "the tort of fraud has five elements: a false representation

by [the] defendant, scienter, intention to induce the plaintiff to act or refrain from

acting, justifiable reliance by the plaintiff, and damage to the plaintiff." <u>Eason

Publ'ns v. NationsBank of Ga.</u>, 217 Ga. App. 726, 730, 458 S.E.2d 899 (1995) (internal

citations and punctuation omitted).  Through the allegations in their complaint, as

well as deposition excerpts and documentary evidence, the plaintiffs have arguably

satisfied each of these five required elements.

First, the plaintiffs allege that Scott "affirmatively undertook to provide

materially false and misleading information relating to the safety and efficacy of

[Fen-Phen] to various [government entities]."  In support of this allegation, the

8

plaintiffs have provided the court with a letter, written by Scott to a Georgia regulatory body, in which he significantly underestimates the negative side effects of Fen-Phen. Also, the plaintiffs present a document where Scott asserts that he has discussed Fen-Phen with appropriate government officials in all states. Based on the allegations in the complaint and the submitted evidence, the court cannot say that there is no colorable claim that Scott made false statements to state regulators in each of the plaintiff's home states.

Moreover, the plaintiffs have satisfactorily alleged the other four elements of a cause of action for fraud. The plaintiffs allege scienter by stating that Scott "knew or should have known that the material representations [he was] making regarding the safety and efficacy of the subject diet drug products were false." This allegation is plausible as Wyeth, Scott's employer, was aware that its diet drugs caused serious health problems. From this corporate knowledge, it is possible to infer that Scott, too, was aware of Fen-Phen's serious side effects; thus, the plaintiffs arguably satisfy the scienter element of an action for fraud.[2]  Regarding the next element of fraud,

---

[2] The court notes that Scott has testified repeatedly, in other lawsuits, that he was unaware of any safety problems with the diet drugs he discussed with state regulators. This testimony undermines the assertion that Scott acted with scienter. However, Scott's testimony is self-serving, and his professed lack of knowledge of the very drugs he promoted will no doubt be questioned. Such testimony may be sufficient to defeat a claim for summary judgment; however, at this point, the court "must exercise extraordinary care to avoid jumbling up motions for remand and motions for summary judgment." Crowe, 113 F.3d at 1542. On the motion for remand, this court is "not to weigh the merits of a plaintiff's claim beyond determining whether it is an arguable one under state law." Id. at

9

intent to induce, the plaintiffs allege that Scott "made such misrepresentations with the intent or purpose that Plaintiffs . . . and others would rely upon them, leading to the ingestion and use of the subject drugs by Plaintiffs." It is undisputed that Scott's job was to convince state regulators to lift restrictions on the availability of Fen-Phen. Arguably, his intention was to encourage people, like the plaintiffs, to use Fen-Phen by making the diet drugs more easily available to them. Therefore, the intent to induce element of a claim for fraud is plausibly fulfilled. Further, the plaintiffs allege that they suffered "injury to their mitral and/or aortic valve" after ingesting Fen-Phen. Hence, the damage element of a cause of action for fraud is arguably satisfied.

Finally, in Georgia, the reliance element of a cause of action for fraud can be fulfilled by making false statements to third parties. See Fla. Rock & Tank Lines, Inc. v. Moore, 256 Ga. 106, 365 S.E.2d 836 (1988). Although Wyeth contends otherwise, the Georgia Supreme Court has held that "the requirement of reliance is satisfied where . . . A, having as his object to defraud C, and knowing that C will rely upon B, fraudulently induces B to act in some manner on which C relies, and whereby A's purpose of defrauding C is accomplished." Id. at 108, 365 S.E.2d at 838.

---

1536. As long as "there is even a possibility that the state court would find that the complaint states a cause of action . . . , the federal court must find that the joinder was proper." Tillman v. R.J. Reynolds Tobacco, 253 F.3d 1302, 1305 (11th Cir. 2001).

Accordingly, in a cause of action for fraud, the defendant's "misrepresentation need not be to the plaintiff, but may be to someone on whom the plaintiff relies." Potts v. UAP-GA CHEM, Inc., 256 Ga. App. 153, 155, 567 S.E.2d 316, 320 (2002). Therefore, the plaintiffs can satisfy the reliance element of a cause of action for fraud if the plaintiffs relied on the actions and assurances of state regulators influenced by Scott's false statements. Id. The plaintiffs have alleged reliance on various state entities, and Wyeth has not disproved this allegation. Hence, Wyeth has not carried its burden of demonstrating that the plaintiffs have no colorable cause of action against Scott.

Although, in light of the evidence developed in similar lawsuits, it does not appear that the plaintiffs can recover on a fraud claim against Scott, the court cannot say that Scott was fraudulently joined to this cause of action under the standard promulgated by the Eleventh Circuit. "The plaintiff[s] need not have a winning case against [Scott,] the allegedly fraudulent defendant; [they] need only have a possibility of stating a valid cause of action in order for the joinder to be legitimate." Triggs, 154 F.3d at 1287. In this case, there is "a possibility that a [Georgia] court would find that the complaint states a cause of action against [Scott]." Id. As such, Wyeth has not met its "heavy burden" regarding fraudulent joinder. Since Scott has not been fraudulently joined, his citizenship cannot be ignored for the purpose of

11

removal jurisdiction.   As a resident of the forum state, Scott's presence as a defendant defeats removal jurisdiction under 28 U.S.C. § 1441(b).  This court has no subject matter jurisdiction over the current cause of action.

## III.   <u>Summary</u>

Therefore, the plaintiffs' emergency motion to remand is GRANTED [Doc. No. 11-1], and Wyeth Corporation's motion to transfer all diet drug cases to a single judge is DENIED AS MOOT [Doc. No. 31-1].  This case is hereby REMANDED to Fulton County Superior Court.

SO ORDERED, this 21st day of January, 2003.

BEVERLY B. MARTIN
United States District Judge

12



# EXHIBIT / ATTACHMENT

## 5

**(To be scanned in place of tab)**

UNITED STATES DISTRICT COURT **CLERK'S OFFICE**
NORTHERN DISTRICT OF GEORGIA U.S.D.C. Atlanta
ATLANTA DIVISION

DEC 2 0 2002

**LUTHER D. THOMAS, Clerk**

Deputy Clerk

HELEN WASHINGTON, et al.

    Plaintiffs,

v.

AMERICAN HOME PRODUCTS
CORPORATION, et al.

    Defendants.

CIVIL ACTION FILE
NO. 1:02-CV- 2567-WBH

## ORDER

Before the Court is Plaintiffs' motion to remand [2] which follows Defendant

Wyeth's[1] removal of the action.

### BACKGROUND

This suit was originally filed in the State Court of Fulton County on February 7,

2002. Plaintiffs allege that they or their spouses developed primary pulmonary

hypertension as a result of ingesting certain diet drugs. Plaintiffs are residents of

Virginia, Michigan, Ohio, and Indiana, and no plaintiff is a citizen of the same state as

any defendant. Three of the named defendants in the case, Rugby Laboratories, Inc.

("Rugby"), Robert Scott, and John Molnar, were alleged by Plaintiffs to be residents of

Georgia.

On April 26, 2002, Defendant Rugby filed an answer in the Fulton County state

---

[1] According to Wyeth's pleadings, on March 11, 2002, the name American Home
Products Corporation ("AHP") changed to Wyeth.

AO 72A
(Rev.8/82)

17

court case, admitting that it "is a Georgia corporation domesticated and authorized to do business in the State of Georgia and further admits that its principal place of business is Norcross, Georgia." On August 19, 2002, in a similar case currently pending before Judge Thrash, Johnson v. American Home Products, 1:02-CV-1368, Defendants Rugby and Wyeth entered into a stipulation that, as of February 1, 2002, Rugby's principal place of business ceased to be in Georgia.[2] Rugby then amended its answer in this case in Fulton County State Court on August 26, 2002, denying that its principal place of business is in Georgia. Twenty three days later, on September 18, 2002, Wyeth filed a Notice of Removal on diversity grounds, alleging that no properly joined defendant was a citizen of the forum state because Rugby was not a Georgia citizen and because Defendants Scott and Molnar had been fraudulently joined.

Plaintiffs filed the present Motion to Remand arguing, among other things, that removal is improper because the Rugby's amendment of its answer was done without Plaintiffs' consent and fails, therefore, to provide a basis for removal under the judicially

---

[2] Rugby was a named defendant in at least six similar lawsuits which, over the past year, were removed to federal court in the Northern District of Georgia, and five of those cases were later remanded to state court based on Rugby's Georgia citizenship: Burt v. American Home Products, 1:01-CV-3387 (Pannell, J.) (case removed on December 12, 2001 and remanded on January 18, 2002); Choc v. American Home Products, 1:02-CV-1164 and Evans v. American Home Products, 1:02-CV-1161 (Pannell, J.) (cases removed on April 30, 2002 and remanded on June 4, 2002); Hodges v. American Home Products, 1:02-CV-1162 (Hunt, J.) (case removed on April 30, 2002 and remanded on June 6, 2002); and Chapman v. American Home Products, 1:02-CV-1163 (Story, J.) (case removed on April 30, 2002 and remanded on June 7, 2002). In the sixth case, Johnson, Judge Thrash permitted certain limited discovery on the issue of the resident-defendants' citizenship, and the remand motion is still pending.

2

created "voluntary/involuntary rule."[3]  Wyeth responds that it timely removed the action

because it filed the notice of removal within 30 days of receiving Rugby's amended

answer and that the "voluntary/involuntary rule" rule is inapplicable in this case.

This action has since been conditionally transferred to the Eastern District of

Pennsylvania by the Judicial Panel on Multidistrict Litigation.  Because Plaintiff objected

to that transfer, the transfer is not yet effective and does not preclude the Court from

ruling on pending motions such as this motion for remand.  See Multi-Dist. Lit. R. 1.5

(2002) (providing that a conditional transfer under 28 U.S.C. § 1407 "does not affect or

suspend orders and pretrial proceedings in the district court in which the action is pending

and does not in any way limit the pretrial jurisdiction of that court").

## ANALYSIS

### The relevant law

As a general rule, a defendant may remove a case from state to federal court if the

matter properly could have been brought by the plaintiff in federal court.  See 28 U.S.C.

§ 1441(a).[4]  There is an important exception, however, to this general rule.  Removal of a

diversity case from state to federal court is not permitted if any of the defendants are

residents of the state where the action was filed.  See 28 U.S.C. § 1441(b).  If it is

---

[3] Plaintiffs raise additional grounds for remand but, in light of the Court's ruling in Plaintiffs' favor on this ground, the Court need not address Plaintiffs' alternative arguments.

[4] In this case, the parties do not dispute that Plaintiffs could have brought the action in federal court because there is diversity of citizenship, and the amount in controversy exceeds $75,000.

3

apparent from the initial pleading that the case is removable, a defendant must file its

notice of removal within thirty days after it receives a copy of said pleading. See id.  If,

on the other hand, the case stated by the initial pleading is not removable:

> a notice of removal may be filed within thirty days after receipt by the defendant,
> through service or otherwise, of a copy of an amended pleading, motion, or other
> paper from which it may first be ascertained that the case is one which is or has
> become removable, except that a case may not be removed on the basis of
> jurisdiction conferred by section 1332 of this title more than 1 year after
> commencement of the action.

Id.  The purpose of the second paragraph of § 1446(b), the language quoted above, is to

encourage prompt resort to federal court when a defendant first learns that the case is

removable.  See Addo v. Globe Life & Acc. Ins. Co., 230 F.3d 759, 762 (5th Cir. 2000).

Wyeth argues that, until it received the amended answer, it had insufficient

evidence of Rugby's citizenship to support removal; it was not until it received the

amended answer that it first ascertained that the case was removable.[5]  Because Wyeth

filed its notice of removal within thirty days of its receipt of the amended answer, Wyeth

argues that its notice of removal was timely under the second paragraph of § 1446(b).

Plaintiffs counter that neither the amended answer nor the stipulation provide a valid

basis for removal under § 1446(b) because neither document resulted from a voluntary act

of Plaintiffs.  Plaintiffs rely upon the "voluntary/involuntary" rule and Jenkins v. National

Union Fire Ins. Co. of Pennsylvania, 650 F. Supp. 609, 613 (N.D. Ga. 1986) (Forrester,

J.) in support of their position.

_____

[5] It appears to the Court that if anything triggered the second paragraph of
§ 1446(b), it was the entry of the stipulation, which would be considered "other paper."
The distinction is not relevant, however, because the notice of removal was filed within
30 days of both the stipulation and the amended answer.

4

The "voluntary-involuntary rule" is a judicially-created rule which acknowledges a policy favoring a plaintiff's right to determine the removability of his case, and which allows a case to become removable only as a result of a voluntary act on the part of the plaintiff.[6] See Insinga v. LaBella, 845 F.2d 249, 253 (11th Cir. 1988); see also Jenkins v., 650 F. Supp. at 613 (applying rule in situation where claims against non-residents were transferred to a different venue against plaintiff's wishes); Gaitor v. Peninsular & Occidental S.S. Co., 287 F.2d 252, 254 (5th Cir. 1961) (in explaining that "other paper" requires a voluntary act of the plaintiff, the court specifically noted that an initially non-removable case "cannot be converted into a removable one by evidence of the defendant or by an order of the court").

### Application of the law to the facts

It is clear to the Court that Wyeth has been keenly interested in Rugby's citizenship since before this lawsuit was ever filed. Since at least as early as January 2002, a month before this case was filed, Wyeth made public allegations that Rugby was

---

[6] Wyeth argues that the rule is inapplicable to this case because the rule is strictly limited to situations in which a party is dismissed from a case. The Court disagrees. In Addo, 230 F.3d at 762, the Fifth Circuit recently held that a plaintiff's demand letter, written after the complaint was filed, constituted a voluntary act on the part of the plaintiff which put the defendant on notice that the amount in controversy exceeded $75,000 and that the case was removable. The Court held that, because the defendant did not file its notice of removal within thirty days of receiving the demand letter, the notice was not timely. This Court concludes that the voluntary/involuntary rule is not limited, as Wyeth contends, to situations in which a party is dismissed.

"mistaken" in its position that its principal place of business was in Georgia.[7]  Despite these allegations, Rugby nevertheless filed an answer in this case in April 2002, confirming wholeheartedly Plaintiff's assertion that Rugby was a Georgia citizen.  Rugby not only admitted that its principal place of business was in Georgia; Rugby also denied that it was incorporated in New York by admitting that it was incorporated in Georgia.  Rugby maintained that position for four months, not amending its answer until August 26, 2002 – over six months after the case was filed.

The Court finds it interesting that the stipulation entered into by Wyeth and Rugby on August 19, 2002, claims that Rugby changed its principal place of business on February 1, 2002, seven days before this lawsuit was filed.  The Court has reviewed the documentary evidence contained in Wyeth's Notice of Supplementation [12] in support of its contention that Rugby was "mistaken" about its principal place of business.  The Court can find no explanation for why the February 1, 2002 date was chosen.

Under these very curious circumstances, the Court refuses to allow Defendants' unilateral actions to make this case removable.  The Court hereby applies the voluntary/involuntary rule and finds that, because the stipulation and the amended answer did not result from a voluntary act of Plaintiffs, the second paragraph of § 1446(b) was not triggered, and removal is improper.  See Insinga, 845 F.2d at 253 (noting a policy

_____

[7] Plaintiffs have provided the Court with a copy of a response filed in January 2002 by American Home Products ("AHP"), now known as Wyeth, in Burt v. American Home Products, 1:01-CV-3387 (N.D. Ga.), in which AHP states, "AHP believes there may be an error in Rugby's Answer because Rugby's filings with the secretaries of state in Georgia and New York apparently identify Corona, California as the location of Rugby's principal place of business."

6

favoring a plaintiff's right to determine the removability of his case).  Plaintiff's motion, therefore is granted.

### CONCLUSION

Plaintiff's Emergency Motion to Remand is GRANTED [2] and this case is remanded to the State Court of Fulton County. All other pending motions are DENIED as MOOT.

It is so ORDERED this 20 day of December, 2002.

Willis B. Hunt, Jr.
Judge, United States District Court

7

AO 72A
(Rev.8/82)



# EXHIBIT / ATTACHMENT

## 6

**(To be scanned in place of tab)**

FILED IN CHAMBERS
RICHARD W. STORY
U.S. [illegible]

## UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF GEORGIA
## ATLANTA DIVISION

JUN 1 1 2002

LUTHER [illegible]
By: [signature]
Deputy Clerk

RICHARD CHAPMAN, COLLEEN
TODD, and JAMES JONES,

    Plaintiff,

    v.

AMERICAN HOME PRODUCTS
CORPORATION, now know as
WYETH CORPORATION, WYETH
PHARMACEUTICALS, INC., a
division of AMERICAN HOME
PRODUCTS CORPORATION f/k/a
Wyeth Laboratories, Inc.,
INTERNEURON
PHARMACEUTICALS, INC., EON
LABS MANUFACTURING, INC.,
RUGBY LABORATORIES, INC.,
ROBERT L. SCOTT, JOHN A.
MOLNAR, and JOHN DOE Nos. 1-5,

    Defendant.

CIVIL ACTION

NO. 1:02-CV-1163-RWS

## ORDER

Plaintiffs filed this case in the State Court of Fulton County, Georgia.

Defendant Wyeth removed the action to this Court. Now before the Court for

consideration are Defendant Wyeth's Motion To Stay Proceedings [2-1] and

Plaintiffs' Motion for Remand [5-1]. After reviewing the record and

considering the arguments of the parties, the Court enters the following Order.

AO 72A
(Rev.8/82)

## Discussion

The jurisdictional question will be addressed first.  The Notice of
Removal alleges that this Court has jurisdiction pursuant to 28 U.S.C. § 1332,
which provides for jurisdiction in the federal courts for an action between
citizens of different states.[1]  The United States Code allows a civil action to be
removed to federal court if the district court would have original jurisdiction.
28 U.S.C. § 1441(a).  When jurisdiction is based on diversity of citizenship,
the case may be removed "only if none of the parties in interest properly
joined and served as defendants is a citizen of the State in which such action is
brought." Id. at 1441(b).  In the present case, complete diversity of citizenship
exists, but some Defendants are Georgia residents.  Therefore, pursuant to §
1441(b), removal is not available unless Defendants can show that the Georgia
Defendants are not "properly joined." Id.  Defendant Wyeth argues that
Defendants Rugby Laboratories, Inc. ("Rugby"), Robert L. Scott, and John A.
Molnar are fraudulently joined.

A plaintiff may not join a party as a defendant simply to avoid the
federal courts.  However, the party seeking removal bears the burden of

---

[1] The statute also requires an amount in controversy of at least $75,000, but neither party
contends that the jurisdictional amount is not satisfied in the present case.

proving that a defendant was joined fraudulently. Since it appears from the face of the Complaint that this Court does not have jurisdiction, this action is subject to remand unless Defendants can prove that Plaintiffs cannot possibly establish a cause of action against any Georgia resident Defendant or that Plaintiffs have no real intention of securing a judgment against any of the Georgia resident Defendants. <u>Chicago, Rock Island & Pacific Ry Co. V. Shchwyhart</u>, 227 U.S. 184, (1913); <u>Triggs v. John Crump Toyota</u>, 154 F.3d 1284 (11th Cir. 1998); <u>Crowe v. Coleman</u>, 113 F.3d 1536 (11th Cir. 1997). This burden of proof is a heavy one. <u>Pacheco de Perez v. AT&T Co.</u>, 139 F.3d 1368 (11th Cir. 1998). A claim of fraudulent joinder must be asserted with particularity and supported by clear and convincing evidence. <u>Wilson v. Republic Iron & Steel Co.</u>, 257 U.S. 92, 97, 42 S. Ct. 3, 37 (1921); <u>Parks v. New York Times Co.</u>, 308 F.2d 474, 478 (11th Cir. 1962). The Eleventh Circuit favors remand when jurisdiction in the federal courts is unclear. <u>Burns v. Windsor Ins. Co.</u>, 31 F.3d 1092, 1095 (11th Cir.1994). In addressing fraudulent joinder, all factual allegations must be considered as of the date of removal and in the light most favorable to the plaintiff. <u>Crowe</u>, 113 F.3d at 1538. Moreover, any uncertainties about state substantive law must be construed in favor of the plaintiff. <u>Id.</u>

3

Defendant Wyeth first argues that Plaintiffs have fraudulently joined Rugby. According to Defendant Wyeth, Plaintiffs cannot possibly establish a claim against Rugby. The Complaint alleges that Plaintiffs ingested drugs distributed by Rugby and that these products caused the alleged injury. Furthermore, according to Plaintiffs, Rugby participated in a conspiracy to conceal the dangers associated with the use of these drugs. Under Georgia law, Plaintiffs arguably have a claim against Rugby based on these allegations. See, e.g., Beam v. Omark Indus., 143 Ga. App. 142, 145, 237 S.E.2d 607, (1977) (explaining that distributor of dangerous product may be liable to consumers for failure to warn or negligent distribution); Brookshire v. Digby, 224 Ga. App. 512, 481 S.E.2d 253 (1997) (describing duty under Georgia law to avoid making misstatements of fact and active concealment of material facts); Wilhite v. Mays, 140 Ga. App. 816, 818, 232 S.E.2d 141(1976) (imposing duty of disclosure on one with special knowledge not apparent to buyer known to be acting under misapprehension of material facts); Parzini v. Ctr. Chem. Co., 134 Ga. App. 414, 214 S.E.2d 700, (1975) (requiring warrantor to distribute goods conforming with warranty).

Defendant Wyeth also argues that Rugby is not in fact a Georgia resident corporation. According to Defendnt Wyeth, Rugby has its principal

4

place of business in California rather than Georgia. However, in its Answer, Defendant Rugby admits that it is a Georgia corporation with its principal place of business in Georgia. (Ans. ¶ 23.) Defendant Wyeth has not provided clear and convincing evidence that Rugby has misrepresented its principal place of business. This Court is required to remand when jurisdiction is unclear, and Defendant Wyeth has not satisfied its burden on a motion to remand for fraudulent joinder.

Since the Court finds that Defendant failed to show that Rugby is fraudulently joined, there is no need to consider whether Defendants Scott and Molnar are fraudulently joined. Accordingly, Plaintiff's Motion To Remand [5-1] is hereby **GRANTED**.

### Conclusion

Defendant's Motion To Stay [2-1] is hereby **DENIED AS MOOT**; Plaintiff's Motion To Remand is hereby **GRANTED**.

**SO ORDERED**, this *7th* day of June, 2002.

RICHARD W. STORY
United States District Judge

5

AO 72A
(Rev.8/82)



# EXHIBIT / ATTACHMENT

## 7

**(To be scanned in place of tab)**

FILED IN CLERK'S OFFICE
U.S.D.C. Atlanta

JUN 0 7 2002

LUTHER D. THOMAS, Clerk
By: _____
Deputy Clerk

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

PHYLLIS HODGES,

      Plaintiff,

v.

AMERICAN HOME PRODUCTS
CORPORATION, now known as WYETH
CORPORATION; WYETH
PHARMACEUTICALS f/k/a WYETH-
AYERST PHARMACEUTICALS, INC., A
DIVISION OF AMERICAN HOME
PRODUCTS CORPORATION f/k/a Wyeth
Laboratories, Inc., EON LABS
MANUFACTURING, INC., RUGBY
LABORATORIES, INC., ROBERT L.
SCOTT, a citizen of the State of Georgia,
JOHN A. MOLNAR, a citizen of the State
of Georgia, and JOHN DOE 1-5,

      Defendants.

CIVIL ACTION FILE

NO. 1:02-CV-1162-WBH

## ORDER

Before the Court is Plaintiff's Emergency Motion to Remand [4]. Plaintiff filed this

case in the State Court of Fulton County. Plaintiff's suit is based on claims for, inter alia,

negligence, fraud and misrepresentation arising from her use of certain diet drugs. Defendant

Wyeth removed the case to this Court based on diversity of citizenship jurisdiction. Plaintiff

has filed the present Motion to Remand arguing that this Court lacks subject matter

jurisdiction and that the above-styled action is not removable under the provisions of 28

U.S.C. 1441 (b) because there are three properly joined defendants that are residents of the

State of Georgia. For the reasons set forth below, Plaintiff's Emergency Motion to Remand [4] is GRANTED.


## ANALYSIS

**Removal Standard**

A defendant may remove a case to federal court only if it could have been properly filed there originally. 28 U.S.C. § 1441(1). The burden is upon the removing defendant to establish that removal is proper. Tapscott v. MS Dealer Serv. Corp., 77 F.3d 1353, 1356 (11th Cir. 1996), overruled on other grounds, Cohen v. Office Depot, Inc., 204 F.3d 1069, 1077 (11th Cir. 2000); 28 U.S.C. § 1332. "When diversity jurisdiction is the only ground for federal subject matter jurisdiction in a case initially filed in state court, such a case 'shall be removable only if none of the parties in interest properly joined and served as defendants is a citizen of the state in which such action is brought.'" Snapper, Inc. v. Redan, 171 F.3d 1249, (11th Cir. 1999)(quoting 28 U.S.C. § 1441(b) (1994)).

Plaintiff alleges that removal was improper in this case because three properly joined defendants are citizens of the State of Georgia. Plaintiff argues that Defendant Rugby Laboratories, Inc. ("Rugby Laboratories"), Defendant Robert L. Scott, and Defendant John A. Molnar are all citizens of the State of Georgia.

Defendant Wyeth argues: (1) that Rugby Laboratories is not a citizen of the State of Georgia; and (2) that Defendants Scott and Molnar were improperly joined. For this reason, Defendant argues, there is diversity of citizenship between the parties and removal in this case was proper.

2

**Removal Standard Where Fraudulent Joinder Is Alleged**

While the removing defendant bears the burden of proving federal diversity jurisdiction, the burden is particularly heavy where the defendant contends that the plaintiff fraudulently joined a party in order to defeat jurisdiction. See Burns v. Windsor Ins. Co., 31 F.3d 1092, 1096 (11th Cir. 1994); Coker v. Amoco Oil Co., 709 F.2d 1433 (11th Cir.1983). In this case, Defendant Wyeth, the removing party, has the burden of proving that there is no possibility Plaintiff can establish a cause of action against any of the Georgia resident defendants. Crowe v. Coleman, 113 F.3d 1536, 1538 (11th Cir.1997)(citing Cabalceta v. Standard Fruit Co., 883 F.2d 1553, 1561 (11th Cir.1989)).

When considering a motion to remand, a court must evaluate the factual allegations in a light most favorable to the plaintiff and resolve uncertainties about substantive state law in favor of the plaintiff. Id. The removal statutes are construed narrowly and remand is favored when jurisdiction is not clear. Burns v. Windsor Ins. Co., 31 F.3d 1092, 1095 (11th Cir. 1994). Although deciding the fraudulent joinder question appears to resemble a determination on a motion for summary judgment, the two are different and should not be confused. Id. ("the jurisdictional inquiry 'must not subsume substantive determination'")(quoting B, Inc. v. Miller Brewing Co., 663 F.2d 545, 550 (5th Cir. Unit A 1981[1])). Courts, therefore, are not to weigh the merits of claims beyond determining whether they are arguable under state law. Id. "'If there is even a possibility that a state court would find that the complaint states a cause of action against any one of the resident defendants, the federal court must find that joinder was proper and remand the case to state court.'" Id.

---

[1] All decisions rendered by the former Fifth Circuit prior to October 1, 1981 are precedent in this Court. See Bonner v. City of Prichard, 661 F.2d 1206, 1209 (11th Cir.1981).

3

(quoting Coker v. Amoco Oil Co., 709 F.2d 1433, 1440-41 (11th Cir.1983), superseded by statute on other grounds as stated in Georgetown Manor, Inc. v. Ethan Allen, Inc., 991 F.2d 1533 (11th Cir.1993)).

### Application of the Standard

A corporation is deemed to be "a citizen of any State by which it has been incorporated and of the State where it has its principal place of business." 28 U.S.C. §1332(c)(1). Although Defendant Wyeth goes to great length to argue that Defendant Rugby Laboratories is not a citizen of Georgia, the record reveals otherwise. Rugby Laboratories' Answer in this case, filed May 15, 2002, states:

> Rugby is a Georgia corporation domesticated and authorized to do business in the State of Georgia and further admits that its principal place of business is Norcross, Georgia.

Defendant Rugby Laboratories' Answer ¶ 24. In the same paragraph, Rugby Laboratories admits that it distributed phentemine, one of the drugs at issue in this case. Id. As such, the Court finds that Plaintiff has an arguable claim against at least one citizen of Georgia defendant, Rugby Laboratories, and that this Defendant was not fraudulently joined. See Beam v. Omark Indus., 143 Ga. App. 142, 145 (1977)(finding that distributors "of a product which, to their actual or constructive knowledge, involves danger to users have a duty to give warning of such danger to the purchaser 'at the time of sale and delivery'"). Therefore, removal is improper pursuant to 28 U.S.C. § 1441(b) because at least one of the defendants is a citizen of the State of Georgia and this Court is located in Georgia.

4

## CONCLUSION

Accordingly, this Court finds that removal was improper. Plaintiff's Emergency Motion to Remand is GRANTED [4] and this case is remanded to the State Court of Fulton County. All other pending motions are DENIED as MOOT.

It is so ORDERED this _6_ day of June, 2002.

Willis B. Hunt, Jr.
Judge, United States District Court

5



# EXHIBIT / ATTACHMENT

# 8

**(To be scanned in place of tab)**



FILED IN CLERK'S OFFICE
U.S.D.C. - Atlanta

JUN 04 2002

LUTHER D. THOMAS, Clerk
By: _____ Deputy Clerk

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

VIVIAN R. EVANS; JOAN G.
CHEATWOOD; and CATHERINE T.
McGEE,

      Plaintiffs,

      v.

AMERICAN HOME PRODUCTS, now
known as WYETH CORPORATION;
WYETH PHARMACEUTICALS f/k/a
WYETH-AYERST PHARMACEUTICALS,
INC., A DIVISION OF AMERICAN
HOME PRODUCTS CORPORATION
f/k/a Wyeth Laboratories,
Inc.; INTERNEURON
PHARMACEUTICALS, INC.; EON
LABS MANUFACTURING, INC.;
ROBERT L. SCOTT, a citizen of
the State of Georgia; JOHN A.
MOLNAR, a citizen of the State
of Georgia; and JOHN DOES NOS.
1-5,

      Defendants.

CIVIL ACTION

NO. 1:02-CV-1161-CAP

## O R D E R

    Currently before the court is the plaintiffs' emergency motion for remand [Doc. No. 5-1].  For reasons stated below, the plaintiffs' motion to remand is **GRANTED**.  All other pending motions are **DENIED** as **MOOT**.  This case is **REMANDED** to the Superior Court of Fulton County, Georgia.

    The Plaintiffs filed this case in the Superior Court of Fulton County, Georgia.  The case was removed to this court based ostensibly on diversity of citizenship.  The plaintiffs filed a motion to remand arguing that non-diverse defendants are present in

the case.  Because there is at least one non-diverse defendant against whom the plaintiffs have an arguable claim, this court lacks jurisdiction and must remand.

**FRAUDULENT JOINDER STANDARD**

A plaintiff may not join a party as a defendant for the sole purpose of destroying diversity in order to avoid removal. However, the burden of proving that a defendant was fraudulently joined lies on the party seeking removal.  Thus, the parties seeking removal in this case must show that the plaintiffs have no possibility of establishing any cause of action against any of the non-diverse defendants, or that they have no real intention of securing a judgment against any of the non-diverse defendants.  See Chicago, Rock Island & Pacific Ry. Co. v. Schwyhart, 227 U.S. 184 (1913); Triggs v. John Crump Toyota, 154 F.3d 1284 (11th Cir 1998); Crowe v. Coleman, 113 F.3d 1536 (11th Cir. 1997).  The burden of establishing fraudulent joinder is a heavy one.  See Pacheco De Perez v. AT&T Co., 139 F.3d 1368 (11th Cir. 1998).

This Circuit favors remand where federal jurisdiction is not absolutely clear.  Doubts and questions surrounding issues of jurisdiction are to be resolved in favor of returning the case to state court.  See Burns v. Windsor Insurance Co., 31 F.3d 1092 (11th Cir. 1994).  Deciding the question of fraudulent joinder appears similar, but should not be confused with a motion for summary judgment.  See Crowe, 113 F.3d at 1538.  Courts must be

2

certain of their jurisdiction before examining the merits of the case and may consider affidavits and deposition testimony only to determine whether there exists an "arguable" claim under state law. Crowe, 113 F.3d at 1538. In cases of alleged fraudulent joinder, all factual allegations must be considered as of the date of removal and in the light most favorable to the plaintiff. Id. If there is any possibility that a state court would find that the complaint states a cause of action against any one of the non-diverse defendants, this court must find that joinder was proper and remand the case to state court. Id. Finally, any uncertainties regarding substantive state law must also be construed in favor of the plaintiff. Id.

**APPLYING THE STANDARD**

In applying the above standards, the court finds that the plaintiffs have an arguable claim against at least one non-diverse defendant. Rugby Laboratories Inc. (Rugby) has admitted that it distributed one of the drugs which is the subject of this suit (Rugby Answer ¶¶ 51 and 53) and that it has its principle place of business in Georgia (Rugby Answer ¶ 30). "For purposes of diversity jurisdiction, a corporation is 'a citizen of any State by which it has been incorporated and of the State where it has its principal place of business.'" Bel-Bel Intern. Corp. v. Community Bank of Homestead, 162 F.3d 1101, 1106 (11th Cir. 1998)(quoting 28 U.S.C. § 1332(c)(1)(1994)). American Home Products Corporation, now

3

known as Wyeth Corporation, vigorously disputes the question of whether Rugby should be considered a citizen of Georgia.   This dispute however, does not destroy the plaintiff's "arguable" state claim against Rugby.   Therefore, this court finds that Rugby, a non-diverse defendant, is not fraudulently joined in this case. Accordingly, this court lacks jurisdiction to hear the merits of this case.   Removal was improper and this case is **REMANDED**.


SO ORDERED, this ___4___ day of June, 2002.

                                   CHARLES A. PANNELL, JR.
                                   United States District Judge

4



# EXHIBIT / ATTACHMENT

## 9

**(To be scanned in place of tab)**

FILED IN CLERK'S OFFICE
U.S.D.C. - Atlanta

JUN 0 4 2002

LUTHER D. THOMAS, Clerk
By _____ Deputy Clerk

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

CYNTHA D. CHOC; TERRY L.
ROWDEN; and LINDA S. PETERS,

      Plaintiffs,

      v.

AMERICAN HOME PRODUCTS
CORPORATION, now known as
WYETH CORPORATION; WYETH
PHARMACEUTICALS f/k/a WYETH-
AYERST PHARMACEUTICALS, INC.,
A DIVISION OF AMERICAN HOME
PRODUCTS CORPORATION f/k/a
Wyeth Laboratories, Inc.; EON
LABS MANUFACTURING, INC.;
RUGBY LABORATORIES, INC.;
ROBERT L. SCOTT, a citizen of
the State of Georgia; JOHN A.
MOLNAR, a citizen of the State
of Georgia; and JOHN DOE NOS.
1-5,

      Defendants.

CIVIL ACTION

NO. 1:02-CV-1164-CAP

O R D E R

Currently before the court is the plaintiffs' emergency motion for remand [Doc. No. 4-1]. For reasons stated below, the plaintiffs' motion to remand is **GRANTED**. All other pending motions are **DENIED** as **MOOT**. This case is **REMANDED** to the Superior Court of Fulton County, Georgia.

The Plaintiffs filed this case in the Superior Court of Fulton County, Georgia. The case was removed to this court based ostensibly on diversity of citizenship. The plaintiffs filed a motion to remand arguing that non-diverse defendants are present in the case. Because there is at least one non-diverse defendant

against whom the plaintiffs have an arguable claim, this court lacks jurisdiction and must remand.

## FRAUDULENT JOINDER STANDARD

A plaintiff may not join a party as a defendant for the sole purpose of destroying diversity in order to avoid removal. However, the burden of proving that a defendant was fraudulently joined lies on the party seeking removal. Thus, the parties seeking removal in this case must show that the plaintiffs have no possibility of establishing any cause of action against any of the non-diverse defendants, or that they have no real intention of securing a judgment against any of the non-diverse defendants. See Chicago, Rock Island & Pacific Ry. Co. v. Schwyhart, 227 U.S. 184 (1913); Triggs v. John Crump Toyota, 154 F.3d 1284 (11th Cir 1998); Crowe v. Coleman, 113 F.3d 1536 (11th Cir. 1997). The burden of establishing fraudulent joinder is a heavy one. See Pacheco De Perez v. AT&T Co., 139 F.3d 1368 (11th Cir. 1998).

This Circuit favors remand where federal jurisdiction is not absolutely clear. Doubts and questions surrounding issues of jurisdiction are to be resolved in favor of returning the case to state court. See Burns v. Windsor Insurance Co., 31 F.3d 1092 (11th Cir. 1994). Deciding the question of fraudulent joinder appears similar, but should not be confused with a motion for summary judgment. See Crowe, 113 F.3d at 1538. Courts must be certain of their jurisdiction before examining the merits of the case and may consider affidavits and deposition testimony only to determine whether there exists an "arguable" claim under state law.

Crowe, 113 F.3d at 1538.  In cases of alleged fraudulent joinder, all factual allegations must be considered as of the date of removal and in the light most favorable to the plaintiff.  Id.  If there is any possibility that a state court would find that the complaint states a cause of action against any one of the non-diverse defendants, this court must find that joinder was proper and remand the case to state court.  Id.  Finally, any uncertainties regarding substantive state law must also be construed in favor of the plaintiff.  Id.

**APPLYING THE STANDARD**

In applying the above standards, the court finds that the plaintiffs have an arguable claim against at least one non-diverse defendant.  Rugby Laboratories Inc. (Rugby) has admitted that it distributed one of the drugs which is the subject of this suit (Rugby Answer ¶¶ 47 and 49) and that it has its principle place of business in Georgia (Rugby Answer ¶ 26).  "For purposes of diversity jurisdiction, a corporation is `a citizen of any State by which it has been incorporated and of the State where it has its principal place of business.'"  Bel-Bel Intern. Corp. v. Community Bank of Homestead, 162 F.3d 1101, 1106 (11th Cir. 1998)(quoting 28 U.S.C. § 1332(c)(1)(1994)).  American Home Products Corporation, now known as Wyeth Corporation, vigorously disputes the question of whether Rugby should be considered a citizen of Georgia.  This dispute however, does not destroy the plaintiff's "arguable" state

3

claim against Rugby.   Therefore, this court finds that Rugby, a non-diverse defendant, is not fraudulently joined in this case. Accordingly, this court lacks jurisdiction to hear the merits of this case.   Removal was improper and this case is **REMANDED.**

SO ORDERED, this ___4___ day of June, 2002.

CHARLES A. PANNELL, JR.

United States District Judge

4



# EXHIBIT / ATTACHMENT

## 10

**(To be scanned in place of tab)**

FILED IN CLERK'S OFFICE
U.S.D.C. Atlanta

JAN 1 8 2002

LUTHER D. [illegible], Clerk
By: [signature] Deputy Clerk

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

BEVERLY BURT and GARY FULTS,

           Plaintiffs,

      v.

AMERICAN HOME PRODUCTS
CORPORATION; WYETH-AYERST
PHARMACEUTICALS, INC., a
division of American Home
Products Corporation f/k/a
Wyeth Laboratories, Inc.;
INTERNEURON PHARMACEUTICALS,
INC.; MEDEVA PHARMACEUTICALS,
INC.; FISONS PHARMACEUTICALS,
INC.; CELLTECH
PHARMACEUTICALS, INC.; EON
LABS MANUFACTURING, INC.;
RUGBY LABORATORIES, INC.;
ROBERT L. SCOTT, a citizen of
the State of Georgia; DAVID E.
WILKES, a citizen of the State
of Georgia, TRACI E. MULLIS, a
citizen of the State of
Georgia; and JOHN DOE numbers
1-5,

           Defendants.

CIVIL ACTION

NO. 1:01-CV-3387-CAP

O R D E R

    Currently before the court is the plaintiffs' emergency motion
to remand [Doc. No. 3-1]. For the reasons stated below, the
plaintiffs' motion to remand [Doc. No. 3-1] is **GRANTED**. All other
pending motions are **DENIED as MOOT**. This case is **REMANDED** to the
State Court of Fulton County, Georgia.

    The plaintiffs filed this case in the State Court of Fulton
County, Georgia. The case was removed to this court ostensibly
based on diversity of citizenship jurisdiction. The plaintiffs
filed a motion to remand arguing both that non-diverse defendants

are present in the case and that not all defendants consented to the removal.[1] Because there is at least one non-diverse defendant against whom the plaintiffs have an arguable claim against, this court lacks jurisdiction and must remand.

## FRAUDULENT JOINDER STANDARD

A plaintiff may not join as a defendant a party simply for the purpose of destroying diversity in order to avoid the federal courts. The burden of proving that a defendant was fraudulently joined lies on the party seeking removal, here, American Home Products (AHP). AHP must prove that the plaintiffs have no possibility of establishing a cause of action against any of the non-diverse defendants, or that they have no real intention of securing a judgment against any of the non-diverse defendants. See Chicago, Rock Island & Pacific Ry. Co. v. Schwyhart, 227 U.S. 184 (1913); Triggs v. John Crump Toyota, 154 F.3d 1284 (11th Cir. 1998); Crowe v. Coleman, 113 F.3d 1536 (11th Cir. 1997). The burden of proof in establishing fraudulent joinder is a heavy one. See Pacheco De Perez v. AT&T Co., 139 F.3d 1368 (11th Cir. 1998).

This Circuit favors remand where federal jurisdiction is not absolutely clear. When "deciding a motion to remand where the plaintiff and defendant disagree on issues of jurisdiction,

---

[1]For purposes of this analysis, there is no distinction between these arguments. The defendants who have failed to give their consent to removal are also the defendants who are allegedly fraudulently joined. If they are fraudulently joined defendants, then their consent is not required for removal. On the other hand, if they are proper parties to this suit, then removal is improper under either of the plaintiffs' contentions.

questions or doubts are to be resolved in favor of returning the matter to state court." Burns v. Windsor Insurance Co., 31 F.3d 1092, 1095 (11th Cir.1994). Deciding the question of fraudulent joinder appears similar, but should not be confused with a motion for summary judgment. See Crowe, 113 F.3d at 1538. Courts must be certain of their jurisdiction before examining the merits of the case. See id. In cases addressing fraudulent joinder all factual allegations must be considered as of the date of the removal and in the light most favorable to the plaintiff. See id. The court may consider affidavits and deposition testimony only to determine whether there exists an "arguable" claim under state law. See id. Last, any uncertainties regarding the substantive state law must be construed in favor of the plaintiff. See id.

**APPLYING THE STANDARD**

With these standards in mind, the plaintiffs have an arguable claim against at least one non-diverse defendant. Rugby Laboratories, Inc. (Rugby) has admitted that it manufactured one of the drugs which is the subject of this suit and that it has its principle place of business in Georgia. AHP vigorously disputes the question of whether Rugby produced the actual drugs ingested by one of the plaintiffs and whether Rugby should be considered a resident of Georgia. These disputes, however, do not destroy the plaintiffs "arguable" state law claims against Rugby. Therefore, this court finds that Rugby, a non-diverse defendant, is not

3

fraudulently joined in this case.   Accordingly, this court lacks
jurisdiction to hear the merits of this case.  Removal was improper
and this case is **REMANDED**.


SO ORDERED, this ___ day of January, 2002.

CHARLES A. PANNELL, JR.
United States District Judge

4



# EXHIBIT / ATTACHMENT

## 11

**(To be scanned in place of tab)**

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

IN RE: DIET DRUGS                    :    MDL DOCKET NO. 1203
(PHENTERMINE, FENFLURAMINE,          :
DEXFENFLURAMINE) PRODUCTS            :
LIABILITY LITIGATION                 :
                                     :
THIS DOCUMENT RELATES TO:            :
                                     :
_____     :
REATHA BARNETT, et al.               :
                                     :
          v.                         :
                                     :
AMERICAN HOME PRODUCTS               :
CORPORATION, et al.                  :    CIVIL ACTION NO. 03-20085

MEMORANDUM AND PRETRIAL ORDER NO. 2862

Bartle, J.                                      May 20, 2003

          Thirteen plaintiffs, all citizens of the state of

Mississippi, originally brought this personal injury action

involving the diet drugs known as fen-phen against Wyeth[1] and two

in-state physicians in the Circuit Court for Jones County,

Mississippi.  Plaintiffs assert claims of strict liability,

negligence and breach of implied warranty against Wyeth.  Two

plaintiffs have set forth claims against their prescribing

physicians for medical negligence.  Defendant Dr. William Durham

is alleged to have prescribed Redux and Pondimin to plaintiff

Sandra Stringer while defendant Dr. Willus Mark Horne is alleged

to have prescribed Redux to plaintiff Reatha Barnett.  The eleven

_____

1.  Wyeth was previously known as American Home Products
Corporation.

remaining plaintiffs have not set forth any claims against the two physicians.

Wyeth, an out-of-state corporation,[2] removed this action to the United States District Court for the Southern District of Mississippi. Wyeth maintains that the in-state medical doctors have been fraudulently joined in order to defeat federal diversity jurisdiction. The case was subsequently transferred here as part of MDL 1203. Plaintiffs have filed a timely motion to remand this action to the state court.

Under Boyer v. Snap-on Tools Corp., 913 F.2d 108, 111 (3d Cir. 1990), joinder is fraudulent "where there is no reasonable basis in fact or colorable ground supporting the claim against the joined defendant, or no real intention in good faith to prosecute the action against the defendant or seek a joint judgment" (citations omitted). It is undisputed that plaintiffs Reatha Barnett and Sandra Stringer each have asserted a colorable claim against their respective physicians. See Miles v. Catchings Clinic, 601 So.2d 47 (Miss. 1992). However, Wyeth challenges whether these two plaintiffs ever actually used Pondimin or Redux.

Our inquiry into Wyeth's claim of fraudulent joinder is less searching than that permissible when a party seeks to dismiss a claim under Rule 12(b)(6) of the Federal Rules of Civil Procedure. Batoff v. State Farm Ins. Co., 977 F.2d 848, 852 (3d

_____

2.  It is incorporated in Delaware and has its principal place of business in New Jersey.

Cir. 1992); see also Gaul v. Neurocare Diagnostic, Inc., No. 02-
CV-2135, 2003 WL 230800, at *2 (E.D. Pa. Jan. 1, 2003).
Furthermore, the burden on defendants to establish fraudulent
joinder is a heavy one. See Boyer, 913 F.2d at 111.  In
determining whether defendants have met their burden, we "must
resolve all contested issues of substantive fact in favor of the
plaintiff[s]."  Id.  Accordingly, at this stage of the
proceedings we must accept as true plaintiffs allegations that
Sandra Stringer and Reatha Barnett actually used Pondimin or
Redux.

    In the alternative, Wyeth seeks severance of the
remaining eleven plaintiffs and requests this court to maintain
jurisdiction over their claims on the basis of diversity of
citizenship.

    Under Mississippi law, "(t)he general philosophy of the
joinder provisions ... is to allow virtually unlimited joinder at
the pleading stage ...."  Ill. Cent. R.R. Co. v. Travis, 808
So.2d 928, 931 (Miss. 2002) (citing Miss. R. Civ. P. 20).  The
Mississippi courts have a "more liberal attitude" toward
permissive joinder because there is apparently no class action
mechanism available under Mississippi law.  Jamison v. Purdue
Pharm. Co., No. CIV.A. 5:02CV177BRS, 2003 WL 1451867, at *3 (S.D.
Miss. Feb. 5, 2003) (citation omitted).

    Since Mississippi permits "virtually unlimited joinder
at the pleading stage," we find that under the present
circumstances the two in-state defendant physicians have not been

-3-

fraudulently joined. _Travis_, 808 So.2d at 931 (citation omitted); _see_ _Jamison_, 2003 WL 1451867; _Moore v. SmithKline Beecham Corp._, 219 F. Supp. 2d 742 (N.D. Miss. 2002); _Johnson v. Glaxo Smith Kline_, No. 01-CV-160, 2002 WL 32074878 (S.D. Miss. Mar. 29, 2002). Consequently, complete diversity is lacking, and we will remand this action to the state court. _See_ _State Farm Fire & Cas. Co. v. Tashire_, 386 U.S. 523, 530-31 (1967); _Strawbridge v. Curtiss_, 7 U.S. 267 (1806).

-4-

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

IN RE: DIET DRUGS                       :       MDL DOCKET NO. 1203
(PHENTERMINE, FENFLURAMINE,             :
DEXFENFLURAMINE) PRODUCTS               :
LIABILITY LITIGATION                    :
                                        :
THIS DOCUMENT RELATES TO:               :
_____         :
REATHA BARNETT, et al.     :
                                        :
          v.                            :
                                        :
AMERICAN HOME PRODUCTS                  :
CORPORATION, et al.                     :       CIVIL ACTION NO. 03-20085

PRETRIAL ORDER NO. 2862

AND NOW, this 20th day of May, 2003, for the reasons
set forth in the accompanying Memorandum, it is hereby ORDERED
that:

(1)  the motion of plaintiffs to remand this case to
the Circuit Court for Jones County, Mississippi is GRANTED; and

(2)  this action is REMANDED to the Circuit Court for
Jones County, Mississippi, pursuant to 28 U.S.C. § 1447(c).

BY THE COURT:

Harvey Bartle      J.



# EXHIBIT / ATTACHMENT

## 12

**(To be scanned in place of tab)**

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF·PENNSYLVANIA

| | | |
|---|---|---|
| IN RE: DIET DRUGS | : | MDL DOCKET NO. 1203 |
| (PHENTERMINE, FENFLURAMINE, | : | |
| DEXFENFLURAMINE) PRODUCTS | : | |
| LIABILITY LITIGATION | : | |
| | : | |
| THIS DOCUMENT RELATES TO: | : | |
| ———————————————— | : | |
| CYNDI CHRESTMAN, et al. | : | |
| | : | |
| v. | . : | |
| | : | |
| AMERICAN HOME PRODUCTS | : | |
| CORPORATION, et al. | : | CIVIL ACTION NO. 03-20097 |

## MEMORANDUM AND PRETRIAL ORDER NO. 2865

Bartle, J.                                                    May 20, 2003

          Six plaintiffs, all citizens of the state of

Mississippi, originally brought this personal injury action

involving the diet drugs known as fen-phen against Wyeth[1] and two

in-state physicians in the Circuit Court for Coahoma County,

Mississippi.  Plaintiffs assert claims of strict liability,

negligence and breach of implied warranty against Wyeth.  Two

plaintiffs have set forth claims against their prescribing

physicians for medical negligence.  Defendant Dr. Sara Schrader

is alleged to have prescribed Pondimin to plaintiff Donna Clayton

while defendant Dr. G.D. Berryhill is alleged to have prescribed

Redux to plaintiff Shirley Stanley.  The four remaining

——————————————————

1.  Wyeth was previously known as American Home Products
Corporation.

plaintiffs have not set forth any claims against the two
physicians.

Wyeth, an out-of-state corporation,[2] removed this
action to the United States District Court for the Northern
District of Mississippi. Wyeth maintains that the in-state
medical doctors have been fraudulently joined in order to defeat
federal diversity jurisdiction. The case was subsequently
transferred here as part of MDL 1203. Plaintiffs have filed a
timely motion to remand this action to the state court.

Under Boyer v. Snap-on Tools Corp., 913 F.2d 108, 111
(3d Cir. 1990), joinder is fraudulent "where there is no
reasonable basis in fact or colorable ground supporting the claim
against the joined defendant, or no real intention in good faith
to prosecute the action against the defendant or seek a joint
judgment" (citations omitted). It is undisputed that plaintiffs
Donna Clayton and Shirley Stanley have asserted a colorable claim
against their respective physicians. See Miles v. Catchings
Clinic, 601 So.2d 47 (Miss. 1992). While Wyeth concedes that the
claim of at least one of these two plaintiffs should be remanded
to state court,[3] it seeks severance of the remaining plaintiffs

---

2.   It is incorporated in Delaware and has its principal place of
business in New Jersey.

3.   Wyeth maintains that Ms. Stanley has no real intention of
pursuing her claim against Dr. Berryhill. In support of this
contention, Wyeth cites to a letter authored by Ms. Stanley.
Wyeth has made no such claim as to Ms. Clayton's claim against
Dr. Schrader. Since plaintiffs have asserted a colorable claim
against at least one in-state defendant, we need not address
Wyeth's claim regarding the alleged fraudulent joinder of Dr.
                                                  (continued...)

-2-

and requests this court to maintain jurisdiction over their claims on the basis of diversity of citizenship.

Under Mississippi law, "[t]he general philosophy of the joinder provisions ... is to allow virtually unlimited joinder at the pleading stage ...." Ill. Cent. R.R. Co. v. Travis, 808 So.2d 928, 931 (Miss. 2002) (citing Miss. R. Civ. P. 20). The Mississippi courts have a "more liberal attitude" toward permissive joinder because there is apparently no class action mechanism available under Mississippi law. Jamison v. Purdue Pharm. Co., No. CIV.A. 5:02CV177BRS, 2003 WL 1451867, at *3 (S.D. Miss. Feb. 5, 2003) (citation omitted).

Since Mississippi permits "virtually unlimited joinder at the pleading stage," we find that under the present circumstances at least one of the in-state defendant physicians has not been fraudulently joined. Travis, 808 So.2d at 931 (citation omitted); see Jamison, 2003 WL 1451867; Moore v. SmithKline Beecham Corp., 219 F. Supp. 2d 742 (N.D. Miss. 2002); Johnson v. Glaxo Smith Kline, No. 01-CV-160, 2002 WL 32074878 (S.D. Miss. Mar. 29, 2002). Consequently, complete diversity is lacking, and we will remand this action to the state court. See State Farm Fire & Cas. Co. v. Tashire, 386 U.S. 523, 530-31 (1967); Strawbridge v. Curtiss, 7 U.S. 267 (1806).

_____

3. (...continued)
Berryhill.

-3-

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| IN RE: DIET DRUGS | : | MDL DOCKET NO. 1203 |
| (PHENTERMINE, FENFLURAMINE, | : | |
| DEXFENFLURAMINE) PRODUCTS | : | |
| LIABILITY LITIGATION | : | |
| | : | |
| THIS DOCUMENT RELATES TO: | : | |
| _____ | : | |
| CYNDI CHRESTMAN, et al. | : | |
| | : | |
| v. | : | |
| | : | |
| AMERICAN HOME PRODUCTS | : | |
| CORPORATION, et al. | : | CIVIL ACTION NO. 03-20097 |

## PRETRIAL ORDER NO. 2863

AND NOW, this **10d** day of May, 2003, for the reasons
set forth in the accompanying Memorandum, it is hereby ORDERED
that:

(1)  the motion of plaintiffs to remand this case to
the Circuit Court for Coahoma County, Mississippi is GRANTED; and

(2)  this action is REMANDED to the Circuit Court for
Coahoma County, Mississippi, pursuant to 28 U.S.C. § 1447(c).

BY THE COURT:

_Harvey Bartle_ J.



# EXHIBIT / ATTACHMENT

## 13

**(To be scanned in place of tab)**

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

IN RE: DIET DRUGS                    :     MDL DOCKET NO. 1203
(PHENTERMINE, FENFLURAMINE,          :
DEXFENFLURAMINE) PRODUCTS            :
LIABILITY LITIGATION                 :
                                     :
THIS DOCUMENT RELATES TO:            :
_____    :
GLADYS WILLIAMSON, et al.            :
                                     :
            v.                       :
                                     :
AMERICAN HOME PRODUCTS               :
CORPORATION, et al.                  :     CIVIL ACTION NO. 03-20083

MEMORANDUM AND PRETRIAL ORDER NO. 2864

Bartle, J.                                          May 20, 2003

            Five plaintiffs, all citizens of the state of

Mississippi, originally brought this personal injury action

involving the diet drugs known as fen-phen against Wyeth[1] and

three in-state physicians in the Circuit Court for Sunflower

County, Mississippi.  Plaintiffs assert claims of strict

liability, negligence and breach of implied warranty against

Wyeth.  Three plaintiffs have set forth claims against their

prescribing physicians for medical negligence.  Defendant Dr.

Wade Dowell is alleged to have prescribed Redux to plaintiff

Gladys Williamson, defendant Dr. Charlie Brock is alleged to have

prescribed Redux to plaintiff Debra Harris and defendant Dr.

Scott Nelson is alleged to have prescribed Redux to plaintiff

_____
1.   Wyeth was previously known as American Home Products
Corporation.

Stacie Williams.  The two remaining plaintiffs have not set forth any claims against the three physicians.

Wyeth, an out-of-state corporation,[2] removed this action to the United States District Court for the Northern District of Mississippi.  Wyeth maintains that the in-state medical doctors have been fraudulently joined in order to defeat federal diversity jurisdiction.  The case was subsequently transferred here as part of MDL 1203.  Plaintiffs have filed a timely motion to remand this action to the state court.

Under Boyer v. Snap-on Tools Corp., 913 F.2d 108, 111 (3d Cir. 1990), joinder is fraudulent "where there is no reasonable basis in fact or colorable ground supporting the claim against the joined defendant, or no real intention in good faith to prosecute the action against the defendant or seek a joint judgment" (citations omitted).  It is undisputed that plaintiffs Gladys Williamson, Debra Harris and Stacie Williams each have asserted a colorable claim against their respective physicians. See Miles v. Catchings Clinic, 601 So.2d 47 (Miss. 1992).  While Wyeth concedes that the claim of these three plaintiffs should be remanded to state court, it seeks severance of the remaining plaintiffs and requests this court to maintain jurisdiction over their claims on the basis of diversity of citizenship.

Under Mississippi law, "[t]he general philosophy of the joinder provisions ... is to allow virtually unlimited joinder at

_____

2.  It is incorporated in Delaware and has its principal place of business in New Jersey.

-2-

the pleading stage ...." <u>Ill. Cent. R.R. Co. v. Travis</u>, 808
So.2d 928, 931 (Miss. 2002) (citing Miss. R. Civ. P. 20).  The
Mississippi courts have a "more liberal attitude" toward
permissive joinder because there is apparently no class action
mechanism available under Mississippi law.  <u>Jamison v. Purdue
Pharm. Co.</u>, No. CIV.A. 5:02CV177BRS, 2003 WL 1451867, at *3 (S.D.
Miss. Feb. 5, 2003) (citation omitted).

Since Mississippi permits "virtually unlimited joinder
at the pleading stage," we find that under the present
circumstances the three in-state defendant physicians have not
been fraudulently joined.  <u>Travis</u>, 808 So.2d at 931 (citation
omitted); <u>see Jamison</u>, 2003 WL 1451867; <u>Moore v. SmithKline
Beecham Corp.</u>, 219 F. Supp. 2d 742 (N.D. Miss. 2002); <u>Johnson v.
Glaxo Smith Kline</u>, No. 01-CV-160, 2002 WL 32074878 (S.D. Miss.
Mar. 29, 2002).  Consequently, complete diversity is lacking, and
we will remand this action to the state court.  <u>See State Farm
Fire & Cas. Co. v. Tashire</u>, 386 U.S. 523, 530-31 (1967);
<u>Strawbridge v. Curtiss</u>, 7 U.S. 267 (1806).

-3-

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| IN RE: DIET DRUGS | : |
| (PHENTERMINE, FENFLURAMINE, | : |
| DEXFENFLURAMINE) PRODUCTS | : |
| LIABILITY LITIGATION | : |
| | : |
| THIS DOCUMENT RELATES TO: | : |
| | : |

MDL DOCKET NO. 1203

GLADYS WILLIAMSON, et al.          :
                                   :
             v.                    :
                                   :
AMERICAN HOME PRODUCTS             :
CORPORATION, et al.                :      CIVIL ACTION NO. 03-20083

PRETRIAL ORDER NO. 2864

AND NOW, this 20th day of May, 2003, for the reasons set forth in the accompanying Memorandum, it is hereby ORDERED that:

(1)   the motion of plaintiffs to remand this case to the Circuit Court for Sunflower County, Mississippi is GRANTED; and

(2)   this action is REMANDED to the Circuit Court for Sunflower County, Mississippi, pursuant to 28 U.S.C. § 1447(c).

BY THE COURT:

Harvey Bartle
                                                      J.



# EXHIBIT / ATTACHMENT

## 14

**(To be scanned in place of tab)**

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

IN RE: DIET DRUGS                    :    MDL DOCKET NO. 1203
(PHENTERMINE, FENFLURAMINE,          :
DEXFENFLURAMINE) PRODUCTS            :
LIABILITY LITIGATION                 :
                                     :
THIS DOCUMENT RELATES TO:            :
_____     :
LINDA WALLS, et al.                  :
                                     :
        v.                           :
                                     :
AMERICAN HOME PRODUCTS               :
CORPORATION, et al.                  :    CIVIL ACTION NO. 02-20111

MEMORANDUM AND PRETRIAL ORDER NO. *28 70*

Bartle, J.                                        May 28, 2003

        Eight plaintiffs, six of whom are citizens of the state
of Mississippi, have brought this personal injury action
involving the diet drugs known as fen-phen against Wyeth,[1] one
Mississippi physician and several other defendants.  Plaintiffs
assert claims of strict liability, negligence, fraud, negligent
misrepresentation and breach of implied warranty against Wyeth.
Two plaintiffs have set forth claims against their prescribing
physician for medical malpractice.  According to plaintiff's
complaint, defendant Dr. David Headley is alleged to have
prescribed fen-phen to plaintiffs Angela Claiborne and Janie
Harris.  The six remaining plaintiffs have not alleged any claims
against him.

_____
1.  Wyeth was previously known as American Home Products
Corporation.

The action was originally instituted in the Circuit Court for Claiborne County, Mississippi. Wyeth, an out-of-state corporation,[2] removed the action to the United States District Court for the Southern District of Mississippi. Wyeth maintains that the in-state medical doctor has been fraudulently joined in order to defeat federal diversity jurisdiction. The case was subsequently transferred here as part of MDL 1203. Plaintiffs have filed a timely motion to remand this action to the state court.

Under <u>Boyer v. Snap-on Tools Corp.</u>, 913 F.2d 108, 111 (3d Cir. 1990), joinder is fraudulent "where there is no reasonable basis in fact or colorable ground supporting the claim against the joined defendant, or no real intention in good faith to prosecute the action against the defendant or seek a joint judgment" (citations omitted). It is undisputed that plaintiffs Angela Claiborne and Janie Harris have asserted a colorable claim against Dr. Headley. <u>See</u> <u>Miles v. Catchings Clinic</u>, 601 So.2d 47 (Miss. 1992). However, Wyeth seeks severance of the remaining six plaintiffs and requests this court to maintain jurisdiction over their claims on the basis of diversity of citizenship.

Under Mississippi law, "[t]he general philosophy of the joinder provisions ... is to allow virtually unlimited joinder at the pleading stage ...." <u>Ill. Cent. R.R. Co. v. Travis</u>, 808 So.2d 928, 931 (Miss. 2002) (citing Miss. R. Civ. P. 20). The

---

2. It is incorporated in Delaware and has its principal place of business in New Jersey.

-2-

Mississippi courts have a "more liberal attitude" toward
permissive joinder because there is apparently no class action
mechanism available under Mississippi law. <u>Jamison v. Purdue
Pharm. Co.</u>, No. CIV.A. 5:02CV177BRS, 2003 WL 1451867, at *3 (S.D.
Miss. Feb. 5, 2003) (citation omitted).

Since Mississippi permits "virtually unlimited joinder
at the pleading stage," we find that under the present
circumstances the in-state defendant physician has not been
fraudulently joined. <u>Travis</u>, 808 So.2d at 931 (citation
omitted); <u>see</u> <u>Jamison</u>, 2003 WL 1451867; <u>Moore v. SmithKline
Beecham Corp.</u>, 219 F. Supp. 2d 742 (N.D. Miss. 2002); <u>Johnson v.
Glaxo Smith Kline</u>, No. 01-CV-160, 2002 WL 32074878 (S.D. Miss.
Mar. 29, 2002). Consequently, complete diversity is lacking, **and**
we will remand this action to the state court. <u>See</u> <u>State Farm
Fire & Cas. Co. v. Tashire</u>, 386 U.S. 523, 530-31 (1967);
<u>Strawbridge v. Curtiss</u>, 7 U.S. 267 (1806).

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

IN RE: DIET DRUGS                    :    MDL DOCKET NO. 1203
(PHENTERMINE, FENFLURAMINE,          :
DEXFENFLURAMINE) PRODUCTS            :
LIABILITY LITIGATION                 :
                                     :
THIS DOCUMENT RELATES TO:            :
_____    :
LINDA WALLS, et al.                  :
                                     :
          v.                         :
                                     :
AMERICAN HOME PRODUCTS               :
CORPORATION, et al.                  :    CIVIL ACTION NO. 02-20111

PRETRIAL ORDER NO. 2870

          AND NOW, this 28th day of May, 2003, for the reasons
set forth in the accompanying Memorandum, it is hereby ORDERED
that:

          (1)  the motion of plaintiffs to remand this case to
the Circuit Court for Claiborne County, Mississippi is GRANTED;
and

          (2)  this action is REMANDED to the Circuit Court for
Claiborne County, Mississippi, pursuant to 28 U.S.C. § 1447(c).

                              BY THE COURT:

                              _____ J.